## PLEASANT et al. v. CITY OF FREDERICK.

No. 13988—Opinion Filed Jan. 7, 1925.

Rehearing Denied April 14, 1925.

**1. Appeal and Error—Review — Sufficiency of Evidence.**

In the trial of a law action to the court, if there is any testimony that reasonably tends to support the judgment of the court, it will not be reversed on appeal for insufficiency of the evidence.

**2. Same — Action Against City on Sewer Contract — Recovery on Counterclaim Sustained.**

Record examined; held, the record supports the verdict denying recovery to plaintiff, and for judgment in favor of defendant on counterclaim.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tillman County: Frank Mathews, Judge.

Action by Carl Pleasant et al. against the City of Frederick for recovery of balance due plaintiffs by the City of Frederick for installing sewer system; counterclaim against plaintiffs by defendant. Judgment for the defendant. Plaintiffs bring error. Affirmed.

Chas. A. Loomis and R. C. Allen, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by STEPHENSON, C. On the 24th day of July, 1919, a contract was entered into between the plaintiffs and defendant whereby the plaintiffs undertook and bound themselves to construct a sewer system for a given sum of money for the defendant. It was agreed upon the part of the plaintiffs that they would commence the construction work within 10 days from the date of the contract, and complete the system in 100 working days. As a part of the contract the plaintiffs executed and delivered a bond to the city conditioned for the faithful performance and completion of the work according to the contract. The contract provided that the engineer should make an estimate between the 25th day and the last day of each month of the amount due the contractor for work done under the contract for the preceding month, and that 85% of the amount should be paid to the contractor on or before the 15th day of the succeeding month. The 15% retained from the various estimates was to be held by the city until the full completion of the contract and acceptance by the city. The plaintiffs at a later date requested and received from the city, the contractors bond in order that they might have a copy made of the same. The bond was never returned to the city by the contractors and the former has been at all times unable to locate the same. The contractors commenced the performance of the work soon after the execution and delivery of the contract and continued the work until about January 31, 1920. At this date there was yet a considerable portion of the contract to be completed, although more than 100 days had been used by the contractors. About January 31, 1920, the plaintiffs moved the ditcher which was used for excavating the sewer ditch and stated they were shipping the same to Oklahoma City for repairs. The city had made its estimate for the amount due the contractors for the month preceding January 25, 1920, and found the same to be $3,441.10. As the contractor was preparing to ship the ditching machine away, and had shipped the same presumably to Oklahoma City for repairs, the city was in doubt as to whether or not the plaintiffs intended to continue and complete the contract. The city refused under these circumstances to make the payment of the last estimate to the contractors until they had returned the machine and commenced the work. The plaintiffs had left a greater portion of the sewer ditch open than they were authorized to do under the contract. Much of the evidence on the part of the defendant indicated some uncertainty as to whether the plaintiffs would continue the work to completion. It appears that the plaintiffs returned the machine to Tulsa where it was being used in the completion of a job of work. The city served notice on the contractors on April 15, 1920, that unless they returned and commenced the work under the contract, within 15 days from the date of the notice, the city would declare the contract forfeited. The contractors failed to return the machine to complete the work. The city relet the contract as it was authorized to do and caused the completion of the work at a considerable sum in excess of the amount contracted for by the plaintiffs. The city used certain material on the ground which was the property of the plaintiffs, in the completion of the work, but claims that it allowed the plaintiffs credit for the same. The defendant refused to make the payment for the final estimate to the plaintiffs. The plaintiffs commenced their action against the defendant alleging the breach of the contract by the city, and their willingness at all times to proceed with the work. The several items in dispute between the parties were involved in the trial of this case, upon the counterclaim of the defendant. In the trial of the cause judgment went for the defendant and against the plaintiffs for $1,272.28.

The plaintiffs have appealed the cause and seek reversal upon several of the proceedings had in the trial court as error for reversal here.

The matters involved between the parties were questions of fact. The cause was tried to the court without a jury. The court found that the plaintiffs breached and abandoned their contract, and that the city

was within its legal rights in reletting the contract, and completing the work. There is ample testimony in the record to support the findings of the court on the issue of fact between the parties, and sufficient testimony to support the judgment of the court as to the sum of money awarded the defendant as damages for the breach of the contract by the plaintiffs.

In the trial of a law action to the court upon disputed questions of fact, if there is any testimony which reasonably tends to support the judgment of the court, the cause will not be reversed on appeal. McCann v. McCann, 24 Okla. 264, 103 Pac. 694: Beard v. Herndon, 84 Okla. 142, 203 Pac. 226.

The plaintiffs made and filed supersedeas bond in the cause for which the Southern Surety Company became surety. The bond as made and filed in the cause is in the principal sum of $2,544.46. The defendant has filed application for judgment on the supersedeas bond.

It is ordered that the defendant have and recover of the Southern Surety Company on the supersedeas bond, the amount of the judgment in the sum of $1,272.28, with interest at the rate of 6% per annum from the date of the judgment, and for the costs of this action.

It is recommended that the cause be affirmed, and that judgment be entered on the supersedeas bond for the sums as set forth above.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879.