**GROSS et al. v. LINCOLN et al.**

No. 10089—Opinion Filed March 29, 1921.

(Syllabus.)

1. **Appeal and Error—Discretion of Trial Court—Substitution of Parties.**

Section 4700, Rev. Laws 1910, vests in the court to which the application for substitution of parties defendant is made, a legal discretion to grant or refuse the application, and where it does not appear that the plaintiffs in error were prejudiced by the refusal of the application, and no abuse of discretion by the trial court is shown, error cannot be predicated on such refusal.

2. **Appeal and Error — Record — Rejected Evidence.**

Where a party complains of the rejection of evidence, he must show in the record the substance of what the evidence would have been, in order that this court may determine whether material errors were committed.

### 3. Replevin—Judgment—Value of Property —Evidence.

In an action in replevin, it is error to render judgment in favor of the plaintiffs for a sum certain as the value of the property in controversy, in case delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action in replevin by Ora A. Lincoln and R. L. Lincoln against M. C. Gross and J. E. McCristy. Judgment for plaintiffs, and defendants bring error. Modified, reversed, and remanded.

Adam S. Garis, for plaintiffs in error.

Carl Kruse, for defendants in error.

NICHOLSON, J. This is an action in replevin, brought in the district court of Garfield county by Ora A. Lincoln and R. L. Lincoln, as plaintiffs, against M. C. Gross and J. E. McCristy, defendants, to recover the possession of one Ford automobile of which the plaintiffs claim to be the owners, or the sum of $400, the value thereof, in case a delivery cannot be had. The cause was tried to a jury, and a verdict returned in favor of the plaintiffs for a return of said automobile, or for its value in the sum of $400, upon which verdict judgment was rendered, and to reverse which this proceeding in error is brought.

It appears that the defendant Gross was constable of Enid district, Garfield county, and as such had seized the automobile in dispute under and by virtue of two executions issued by J. V. Ratliff, justice of the peace of said district, upon judgments in favor of Enid Mill & Elevator Company and Ranney-Davis Mercantile Company against Perry B. Lincoln, the father of the plaintiffs, claiming that said automobile was the property of said Perry B. Lincoln. In the answer of said Gross, he seeks to justify his possession under said executions. The defendant J. E. McCristy in his answer disclaims exercising any control over said automobile, and pleads that the Enid Mill & Elevator Company is a judgment creditor of Perry B. Lincoln, and that said automobile was by said defendant Gross seized under and by virtue of said execution issued on a judgment in favor of said Enid Mill & Elevator Company against Perry B. Lincoln.

The plaintiffs in error make 18 specifications of error, but argue only three propositions, the first of which is that the court erred in overruling the motion of the defendant M. C. Gross to substitute for him the Enid Mill & Elevator Company and Ranney-Davis Mercantile Company, the judgment creditors, as parties defendant.

Section 4700, Rev. Laws 1910, provides:

"In an action against a sheriff or other officer for the recovery of property taken under an execution and replevied by the plaintiff in such action, the court may, upon application of the defendant and of the party in whose favor the execution issued, permit the latter to be substituted as the defendant, security for the cost being given."

This section vests in the trial court a legal discretion to grant or refuse the application for substitution, and the refusal of the court to permit such substitution cannot be assigned as error unless the discretion is abused. Wafer v. Harvey County Bank, 36 Kan. 292; Pierce v. Engelkemeier, 10 Okla. 308. No abuse of discretion is shown, and it does not appear that the plaintiffs in error were prejudiced by the refusal of the application. Therefore, the court did not err in refusing to permit the substitution.

It is next contended that the court erred in sustaining the objections of the plaintiffs to certain questions propounded by the defendants, seeking to establish fraud and collusion between the plaintiffs and Perry B. Lincoln; but since the record does not show what the evidence would have been if it had been admitted, we cannot say that this was error. Under the decisions of this court, when a party complains of the rejection of evidence, it is necessary for him to show in the record the substance of what the evidence would have been, in order that this court may determine whether material errors were committed. Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013; Steward v. Commonwealth National Bank, 29 Okla. 754, 119 Pac. 216; Turner et al. v. Moore, 34 Okla. 1, 127 Pac. 487; Lamont G. & O. Co. v. Doop & Frater, 39 Okla. 427, 135 Pac. 392; Evans v. Smith, 50 Okla. 285, 150 Pac. 1096; Ardizonne v. Archer, 71 Oklahoma, 177 Pac. 554.

The next contention is that the plaintiffs failed to prove the value of the automobile, and there was no evidence from which the jury could fix such value. The trial court seemed to have been laboring under the impression that the question of the value of the automobile was not in issue, for when his attention was called to the fact that the value had not been proven, he called for and read the petition and answer, and stated:

"There is nothing in the answers that have been filed by the defendants that raises that issue as to the value of the automobile in controversy in this case. There is nothing in the answer which the defendants have filed about the value of the car. The issue was not raised."

in Wills v. Fuller, 47 Okla. 720, 150 Pac. 693, it is held:

"In an action in replevin, it is error to render judgment in favor of the plaintiff for a sum certain as the value of the property in controversy, in case a delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value."

In an action of replevin, the value of the property taken is to be determined from its value at the time and place when and where it was taken, and is to be proven by witnesses who are able to state the value at that time and place. Werner et al. v. Graley (Kan.) 38 Pac. 482; Osmers v. Furey (Mont.) 81 Pac. 345. And allegations of value, or of amount of damages, shall not be considered as true by a failure to controvert them. Section 4779, Rev. Laws 1910; Cudd v. Farmers' Exchange Bank, 76 Okla. 317, 185 Pac. 521.

The defendants in error insist that, inasmuch as several witnesses testified that the automobile was sold at public sale on August 20, 1917, for the sum of $415, and no objections were made to the introduction of this evidence, that is sufficient evidence upon which to base the verdict of the jury that the automobile was of the value of $400; but with this we cannot agree. This evidence was not introduced for the purpose of proving the value of the automobile, but for the purpose of proving ownership thereof by the plaintiffs below. While it is true that under certain circumstances it is permissible to take into consideration what the property cost as a circumstance to aid in arriving at its value at the time in question, this is only a circumstance, and standing alone is not sufficient to establish the value, and the evidence of what the automobile in question sold for on August 20, 1917, is not evidence of its value on October 11, 1917. There must be other evidence tending to establish its value on the date it was seized.

We are unable to determine from the briefs of counsel, or from the record, whether a delivery of the automobile involved can be had. If it can, the judgment for the plaintiffs for the possession thereof is sufficient; but if a delivery cannot be had, it will be necessary to establish the value of the automobile by competent evidence before a judgment in the alternative can be entered against the defendants.

It is therefore ordered that the judgment of the trial court be modified by setting aside the part thereof, entering judgment for the sum of $400 as the value of the automobile, and that on the question of value a new trial be granted.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, and ELTING, JJ., concur.