**BEARD, Assignee, v. HERNDON.**

No. 10359—Opinion Filed Dec. 20, 1921.

(Syllabus.)

1. **Husband and Wife—Chattel Mortgages —Validity — Authority of Husband to Execute.**

As between a wife and the mortgagee, the authority of a husband to execute a chattel mortgage on the personal property of a wife may be by parol, may arise by implication from general authority to handle the business of the wife, or may be valid by subsequent ratification.

2. **Principal and Agent — Ratification of Contract of Agent—Consideration.**

Since ratification is equivalent to a prior authority, the original contract, after ratification and by force of the ratification alone, becomes the contract of the party as though it had in the first instance been made by the agent with authority; and hence no new consideration other than that inuring to the principal from the original contract is necessary to support a ratification.

3. **Same — Sufficiency of Ratification — Intent—Conduct.**

Ratification may be either express or implied, and unless said original contract is required to be in writing the ratification may arise from conduct or may be expressed, and it is not necessary for the principal to ratify that he express such ratification in express terms, but it is sufficient if what he has stated or written shows an intention to ratify, as, when with knowledge of the facts he states, on being informed of what has been done, that it is all right, is sufficient to constitute a ratification.

4. **Same—Pleading and Proof.**

Proof of ratification includes proof of agency and authority, and may be made under a complaint charging the ratifying act to be that of the principal or under an averment in the pleading that an agent acted by due authority.

5. **Appeal and Error—Review — Questions of Fact—Findings of Court.**

In a law action, where a jury is waived and the cause submitted to the trial court, the same rule that is applied to a verdict of a jury in reviewing said verdict on appeal is applied to the judgment of the court acting in lieu of a jury, and if the judgment of the trial court is reasonably sustained by the facts, the same will not be disturbed upon appeal.

6. **Replevin — Alternative Judgment for Value of Property—Proof.**

In a replevin suit, where plaintiff recovers judgment for the possession of the property and the property is in the possession of the defendant, no alternative money judgment can be entered for the value of the property in the event the property cannot be recovered, unless the value of the property is proved or admitted.

7. **Husband and Wife—Validity of Chattel Mortgage—Estoppel.**

The facts in this case examined and found not to support a plea of estoppel.

8. **Assignments for Benefit of Creditors—Rights of Assignee.**

An assignee in an assignment for benefit of creditors gets no better rights than the assignor had at the time of assignment.

Error from District Court, Pontotoc County; J. W. Bolen, Judge

Action by R. A. Herndon against J. W. Beard, assignee, to recover certain specific property based on a plea of special ownership under a mortgage made by owner to Herndon. From a judgment for plaintiff, defendant appeals. Affirmed as to the right of recovery of possession by plaintiff, but reversed and remanded, with directions to take proof of the value of the property and to enter an alternative money judgment for plaintiff in the event possession of property cannot be had.

C. F. Green, for plaintiff in error.

Cutler & Holt, for defendant in error.

ELTING, J. On February 9, 1918, an action was commenced by R. A. Herndon, plaintiff, against John W. Beard. assignee, defendant, by filing a petition and an affidavit in a replevin action for recovery of certain specific property, being specifically described in the petition and affidavit and being certain fixtures belonging to a grocery store which was the property of A. G. James, the wife of Ellis James, but which grocery store, it appears, was under the management and control of Ellis James, her husband. The basis of said suit for the recovery of said property is a chattel mortgage dated the 10th day of December, 1917, to secure the payment of three notes aggregating the sum of $356, which chattel mortgage purports to be executed by A. G. James by her attorney in fact, Ellis James.

The possession of said property was taken by the officer by writ of replevin issued, and property taken back under redelivery bond by John W. Beard, assignee.

The notes secured by the mortgage fell due on December 20 and 24, 1917, and January 1, 1918. Upon the maturity of the first note the same had been paid, leaving still two notes due and unpaid at the time the suit was brought, in the total sum of $256. It was alleged that, after the taking of the notes and the mortgage and the maturity of the same and on the 26th of January, 1918, A. G. James made an assignment to John W. Beard, assignee, of all the property, including the property covered by the mortgage, for the benefit of certain of her creditors; alleging that the total value of the mortgaged property was $345.06. The affidavit for replevin was in the usual form, setting forth a special lien for the mortgage, declaring the plaintiff to be entitled to immediate possession thereof, and that the aggregate value of the property sought in the replevin was $345. No question was raised as to the regularity of the replevin.

To the petition and pleadings of the plaintiff the defendant, John W. Beard, first filed a special demurrer, then afterwards withdrew the demurrer and filed a motion to make the petition more definite and certain, which motion was in words and figures as follows:

"Comes now the above named defendant and withdraws his demurrer and files this motion to require the plaintiff to make his petition more definite and certain in the following particulars, to wit: 'Attach to said petition the authority of Ellis James to execute said notes and mortgage as attorney in fact for A. G. James.

"Wherefore, judgment of the court is prayed."

The motion of the defendant to make the petition more definite and certain was sustained by the court, and afterwards the plaintiff filed an amended petition which is in words and figures as follows, omitting the caption:

"Comes now the above named plaintiff, and for his amended petition complains of the above named John W. Beard, assignee, hereinafter called the defendant, and states to the court that both plaintiff and defendants are residents of Pontotoc county, Oklahoma, and that the said John W. Beard, defendant, is the duly appointed, qualified and acting assignee of the estate of one A. G. James, who on the 26th day of January, 1918, made an assignment of certain of her property for the benefit of her creditors, and for amended petition herein to comply with the order of this court made herein on May 3, 1918, the plaintiff says:

"That he adopts as part and parcel of this amended petition, paragraphs 1st, 2nd, 3rd, 4th, 5th, and 6th of his said petition originally filed herein on February 9, 1918, and in addition thereto, says further:

"7th. That in all the transactions mentioned herein and had between the plaintiff and the said A. G. James, the said A. G. James was duly represented by her husband, agent, and attorney in fact, Ellis James, who had ample power and authority to act in the premises; that said Ellis James attended to all the business of said A. G. James; that said A. G. James hardly knew of any of the details of her said business, and looked solely to her husband, Ellis James, to attend to everything and to manage the business, which he did; that before the execution and delivery of said notes and mortgage, said A. G. James and Ellis James both represented to plaintiff that said Ellis James was the duly authorized and empowered attorney in fact for said A. G. James, and had ample authority to act for said A. G. James in every capacity, including the power to mortgage said goods; that

said plaintiff has not the said power of attorney in his possession, but states that same was duly in existence when said notes and mortgage were executed, and was in writing to the best of plaintiff's belief, and that ample proof thereof will be adduced at the trial hereof.

"Wherefore, plaintiff prays for judgment, as set out in his original petition first filed herein."

Afterwards the defendant filed an answer which was in words and figures as follows:

"Comes now the defendant, John W. Beard, assignee of A. G. James, and for answer to the original petition and to the amended petition filed herein on May 8, 1918, denies each and all of the material allegations contained in said petition and said amended petition.

II

"And defendant for further defense states that the said Ellis James did not have authority, either written or verbal, to execute the note and mortgage sued upon in this action; and defendant specifically denies the agency of Ellis James to act for A. G. James in this matter now in trial.

III

"And defendant further avers that the mortgage sued upon herein is not a valid mortgage and the filing thereof does not give notice under the statutes of Oklahoma.

"Wherefore defendant prays judgment of the court that he has fully answered the petition and the amended petition of plaintiff and that the plaintiff take nothing by reason of this action and that he be discharged with his costs.

"C. F. Green, Attorney for Defendant, "State of Oklahoma, County of Pontotoc, ss.

"John W. Beard, Assignee of A. G. James. upon oath states that he has read the above and foregoing answer and is acquainted with the contents thereof and that the allegations and statements therein are true; and defendant further states that he specifically denies by this verification the agency and authority of Ellis James to execute the note and mortgage sued upon herein.

"John W. Beard, Assignee of A. G. James.

"Subscribed and sworn to before me this 16th day of May, 1918. My Commission expires March 18, 1922. E. N. Jones, Notary Public."

After filing said answer, John W. Beard, assignee. asked permission to withdraw his answer for the purpose of filing a motion to make the amended petition of the plaintiff more definite and certain in the following, to wit: To require the plaintiff to set out further the power of attorney, and that the agency was in writing, and if in writing, to have a copy of the original attached. The court granted the permission to file said motion, and on the same date that defendant asked leave to withdraw answer a reply was filed to the answer which in words and figures is as follows:

"Comes now the above named plaintiff and for reply to the answer of the above named defendant filed herein says:

"That the plaintiff denies each and every material allegation set out in said answer as a defense to plaintiff's action, and demands strict proof thereof.

"Plaintiff states further that the defendant occupies the same position as his assignor, A. G. James, and is therefore estopped from denying the agency of Ellis James, who attended to all her business of every nature as fully set out in plaintiff's amended petition.

"Wherefore, plaintiff prays for judgment as set out in his petition herein filed."

In response to the motion to make the amended petition more definite and certain in regard to filing written authority to execute mortgage, the court made an order, which is hereinafter quoted, by striking a certain interlineation in the amended petition and as shown in the order of the court hereinafter set out.

With the issues thus joined and made up, the said cause went to trial before the court without a jury. The plaintiff introduced his proofs. At the close of the plaintiff's evidence, the following proceedings were had:

"By Mr. Green: Comes now the defendant and moves the court to strike from its consideration all of the testimony with reference to the power of attorney for the reason that it is a variance and failure of proof under the pleadings and issue upon which this case was tried.

"By the Court: Overruled.

"By Mr. Green: Exceptions. * * *

"By Mr. Green: Comes now the defendent. John W. Beard, assignee for the creditors. and demurs to the testimony of the plaintiff introduced and states that the same is insufficient under the pleadings to entitle the plaintiff to recover, and moves the court to find a verdict for the defendant.

"By the Court: Overruled.

"By Mr. Green: Exception. * * *

"Agreement.

"It is agreed by the parties to this action that John W. Beard is the duly appointed, qualified and acting assignee of A. G. James and has authority to represent the creditors.

"By the Court: I will find that John W. Beard has authority to represent the creditors and stands in the same position that A. G. James does.

"By Mr. Green: The defendant excepts to the rulings of the court and elects to stand on our demurrer.

"By the Court: Judgment for the plaintiff.

"By Mr. Green: Exception by the defendant, and defendant gives notice of appeal in open court."

Defendant filed a motion for a new trial, same was overruled and cause appealed to this court. There are several assignments of error assigned to this court. We will consider them in the order they seem to be presented by plaintiff in error in his brief.

The attorney for the plaintiff in error contends that, under the pleas of the defendant in error, in the proofs of agency of the husband to act for the wife in the execution of said mortgage and notes such proof could only be made by written power of attorney and that oral proof of agency or of ratification was not permissible, and hence that motion to strike the proofs should have been sustained.

The court in the following order undertook to restrict the plea of the plaintiff below, defendant in error herein:

"Now on this 24th day of May, 1918, the same being a regular judicial day of the April, 1918, term of said court. comes on in its regular order a motion of defendant to require plaintiff to be more definite and certain in his amended petition wherein he amends same by interlineation in the following words: 'And was in writing to the best of plaintiff's belief,.' and the matter having been submitted to the court, the court finds that said amended petition and interlineation thereof should and does state in the opinion of the court that said power of attorney was in writing and that the words: 'To the best of plaintiff's belief.' should be stricken and that his cause should be tried upon the theory that said power of attorney and authority of Ellis James to execute said note and mortgage was in writing and should proceed upon any other theory.

"It is therefore the order of the court, that the motion of defendant to require plaintiff to make his petition more definite and certain by setting out definitely whether said authority to execute the note and mortgage by Ellis James as attorney in fact was in writing be sustained and that that part of said interlineation. to-wit: 'To the best of plaintiff's belief,' be stricken and that the trial of the cause proceed upon no other theory.

"J. W. Bolen, District Judge."

The trial court, in the above order, committed error in undertaking to restrict and limit the plea of plaintiff. The plaintiff, in the first instance, pleaded the mortgage and notes, which upon their face show to be executed by the agent. The plaintiff in error, defendant below, in his amended answer denied the authority of Ellis James and denied that Ellis James, the husband, had the authority. either in writing or verbal authority, to execute the mortgage. The allegations of agency of the defendant in error in his amended petition that said agency was by written power of attorney, was an allegation that it was. not necessary for him to make. He could have alleged the authority to have existed; and this is what he did allege, but also alleged the existence of a power of attorney. The allegation of the defendant in error, plaintiff below, in his amended petition was broad enough to cover parol proofs of agency.

While we find no specific allegations of ratification in the petition of defendant in error, the proofs of ratification were made and we find no specific objection being made on that ground at the time the evidence was introduced. Besides, under a general allegation of authority, proof of ratification is permissible. The following is from 31 Cyc. 1635:

"Proof of ratification includes proof of agency and authority and may be made under a complaint charging the ratified act to be that of the principal, or under an averment in the pleading that an agent acted by due authority."

To the same effect are: Hoosac Min., etc., Co. v. Donat, 10 Colo. 529, 16 Pac. 157; Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026, 24 L. R. A. 255; Hoyt v. Thompson, 19 N. Y. 207; Seal v. Puget Sound Loan, etc., Co.. 5 Wash. 422, 32 Pac. 214; Hubbard v. Williamstown, 61 Wis. 397, 21 N. W. 295. Compare Lafourche Transp. Co. v. Pugh (La.) 27 South. 958.

The following is taken from Janney v. Boyd, 30 Minn. 319, 15 N. W. 308:

"Proof of ratification. of payment made to an agent who had no authority to receive it is admissible under an allegation in the pleading of authority of such agent to receive the payment."

The attorney for the plaintiff in error contends that the authority of a wife to her husband or an agent to execute a mortgage on her personal property can only be made in writing and duly acknowledged, and cites and quotes certain of the statutes of this state in support thereof. We do not think this law applies to authority by the wife to execute a mortgage on personal property, but applies only to authority to execute a mortgage on realty, and think that the wife

has a right to give verbal authority for her husband to execute a mortgage on personal property, and that she can ratify such a mortgage even if given without authority.

The trial court seems to have relented from his holding in the order limiting the plea in the amended petition, and permitted the plaintiff to make oral proofs of agency and the facts as to implied agency and ratification. In this we think the court was right.

Both the wife and the husband swore the husband had this authority, but on cross-examination both stated that there was no authority given to execute the particular mortgage. The husband and wife swore, however, that the husband informed the wife that he had executed the notes and mortgage shortly after the same were executed, and that she stated that it was all right. This would be sufficient to constitute a ratification. The record shows that the husband informed the wife of the execution of the notes and mortgage before she had made the assignment. The assignee could get no better rights than the wife possessed at the time of her assignment, and if she had ratified at that time, the assignee would be bound. As to what it takes to constitute a ratification, it is stated in 31 Cyc. 1262-3, in the following language:

"A ratification in express terms and with knowledge of the facts of what an agent has done is of course equivalent to a prior authority. Whether such express ratification must be in writing or under seal depends upon the principles above stated, and unless a different mode of authorization would have been necessary, an express ratification may be oral. So, also, it is not necessary that the principal should state in express terms that he ratified the act, but it is sufficient if what he had stated or written shows that such was his intention, as when with a knowledge of the facts he states on being informed of what has been done that it is 'all right.' or where goods have been purchased by an agent in his name he states on being presented with the bill or informed of the transaction that he will pay for them."

It has been suggested that the proofs in this case show the elements of estoppel. We do not think the proofs show estoppel, since the defendant in error had already advanced the credit for the goods sold before the taking of the mortgage. Besides, there is no allegation of estoppel in the pleas anywhere, and estoppel is a matter that has to be pleaded with particularity, and no intendments are indulged in favor of such a plea. See, in this connection, Insurance Company of Penn. v. Harris, 49 Okla. 165,

152 Pac. 359. The facts and the inferences to be drawn therefrom that were proved are sufficient, probably, to show an implied agency, but do not show estoppel.

A jury having been waived in this case and the cause being tried by the court, the same rule that is applied by this court in reviewing the verdict of a jury upon an appeal is applied to the judgment of the court where the jury is waived in a law action and the court is permitted to try the facts, and that is that if the judgment is reasonably sustained by the facts, the judgment will not be disturbed. We hold that the judgment of the court is reasonably sustained on the issues joined, and that the court committed no error in overruling the plaintiff in error's motion to strike the parol proofs of agency and in overruling the demurrer to the evidence.

Another contention raised by the plaintiff in error is that the court failed in his judgment to find the value of the property replevined. An examination of the judgment of the court does show that the finding of the court is such that it does not constitute a finding of the value of the property, but the court did give judgment in favor of the plaintiff below, defendant in error, for the recovery of the property sued for and in the alternative for the value of the property, which value he stated should not exceed the amount due on the notes and mortgage, viz., $256. This constituted, of course, no finding of value. The section of our statutes on the question of judgment in replevin suits is section 4807, Rev. Laws 1910, and is as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had and damages for taking and withholding the same."

The record does not show that any evidence of the value of the property was given in the trial, and no agreed value is shown. In such a situation a jury, even if it had found the value of the property, could not return a valid verdict finding value, nor could a court render a valid alternative judgment, for the reason that there was nothing upon which to base an alternative judgment for the value of the property. The following is from Gross v. Lincoln, hereinafter cited:

"In an action of replevin, the value of the property taken is to be determined from its value at the time and place when and where it was taken, and is to be proven by witnesses who are able to state the value at that time and place." Werner et al. v. Graley, 54 Kan. 383, 38 Pac. 482; Osmers v. Furey, 32 Mont. 581, 81 Pac. 345.

"An allegation of value, or of amount of damages, shall not be considered as true by a failure to controvert them." Section 4779, Rev. Laws 1910; Cudd v. Farmers' Exchange Bank, 76 Okla. 317, 185 Pac. 521.

Besides, in the instant case, there was a general denial filed which put all the questions in issue, including that of value, which must be proven whether denied or not. It cannot be determined from the record in this case whether a delivery of the property replevined can be had. If delivery could be had, then the judgment for the possession for the plaintiff is sufficient. If it cannot be delivered, it will be necessary to supply the trial court with proof of the value of the property before a valid money judgment in the alternative can be granted for the amount of the value of the property, against the defendant.

We, therefore, by authority of Wills v. Fuller, 49 Okla. 720, 150 Pac. 693, and the case of Gross v. Lincoln, 81 Okla. 87, 196 Pac. 960, order that the cause be remanded, with directions for the court to take evidence of the value of the property replevied, and enter an alternative money judgment for the amount of the value of said property so determined.

The judgment of the trial court in all other respects is affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.