## ANDERSON et al. v. ARMSTRONG.

No. 14462—Opinion Filed Dec. 2, 1924.

Rehearing Denied Jan. 6, 1925.

### 1. Appeal and Error — Review—Conclusiveness of Verdict.

The verdict of the jury will not be reversed on appeal if there is any testimony which reasonably tends to support the same.

### 2. Same—Judgment Sustained.

Record examined; held, there is sufficient testimony to support the verdict of the jury; further held, that the issues were fairly submitted to the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Lewis Armstrong against Jeff Case and Wash Anderson to recover possession of real estate, and for rents therefrom during the year 1920. Judgment for the plaintiff. Defendants bring error. Affirmed.

Gordon Fryer, for plaintiffs in error.

J. W. Clark and J. H. Gernert, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendants in ejectment for the possession of certain real estate, and rents therefrom for the year 1920. The plaintiff alleged for his cause of action that he was the lessee of Fannie Moore, a full-blood Choctaw Indian, for the year 1920, and was entitled to the rents in controversy. The plaintiff alleged that the land was the homestead allotment of the lessor. The plaintiff claimed under a lease bearing date as of November 28, 1919.

The defendants filed their general denial and asserted the right of possession to the property for the year 1920, under a valid contract from the allottee to Jeff Case.

The cause came on for trial and the jury returned its verdict for the plaintiff in the sum of $300 for rents for the year 1920. The defendants have appealed the cause and assign several of the proceedings had in the trial court as error for reversal here: First, that the verdict is contrary to the evidence; second, that the verdict is contrary to law; third, error of the court committed in its instructions to the jury and in the refusal of certain instructions requested by the defendants.

The defendants filed a general denial, which put in issue the allegations contained in plaintiff's petition, to the effect that the allottee was a full-blood Indian, and that the land in controversy was her homestead. The plaintiff did not offer proof to establish these allegations. The plaintiff offered in evidence an unacknowledged lease from the allottee to him, granting the right of possession to the lands therein described for the year 1920.

The plaintiff testified that Jeff Case came to him some seven or eight days after the execution of the lease and inquired of him if he had rented the property for 1920. The plaintiff testified that he advised him that he had leased the property for the year in question. Thereupon, the defendant, Jeff Case, requested the plaintiff to lease the property to him for the year 1920.

The lease to the plaintiff was signed by mark and witnessed by one person. The lease was not acknowledged. The lease did not comply with the statutes in its formal execution, and was insufficient in form to constitute a valid lease in writing. The lease claimed by the plaintiff was for one year. The writing, although insufficient in form to constitute a grant for a period of time longer than one year, was good for one year. It was competent to introduce the lease in

evidence in proof of an oral lease for one year.

The defendant offered in evidence a written lease bearing date as of November 17, 1919, for the year 1920. The defendant Jeff Case testified that the lease was executed and delivered to him by the allottee as of the date shown by the lease.

The allottee was unable to speak and understand the English language, and an interpreter was used by the parties in connection with the execution of the lease. The allottee testified that the interpreter told her that the lease was for the year 1921. The interpreter virtually admitted under cross-examination that he so interpreted the lease to the allottee. The defendant offered in evidence another lease executed to him by the allottee under date of December 22, 1919.

The land consisted of about 160 acres, with 85 acres in cultivation.

The pleadings and evidence failed to draw in issue several of the questions presented by the plaintiff in error on appeal. The only questions presented by the record, and which were submitted to the jury, were the questions of the priority of the lease, and the rental value of the property for 1920. The jury returned its verdict in favor of the plaintiff. There is ample testimony to support the verdict of the jury. The evidence would have been sufficient to support a judgment in favor of the defendants if the jury had returned its verdict in favor of the latter. The issues were fairly submitted to the jury. McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Beard v. Herndon, 84 Okla. 142, 203 Pac. 226.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.