### NEU v. J. I. CASE THRESHING MACHINE CO.

No. 20764. Opinion Filed April 26, 1932.

Rehearing Denied May 24, 1932.

Leedy & Leedy, for plaintiff in error.

Mauntel & Spellman, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Ellis county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiff in error, the defendant in the trial court, in replevin for a combine threshing machine, the attachments thereto, and about 900 bushels of wheat. Hereinafter the parties will be referred to as they appeared in the trial court.

In the petition the plaintiff, among other things, alleged corporate capacity; that it had special ownership in the property by reason of its ownership of a chattel mortgage and four notes secured thereby; the wrongful detention of the property by the defendant; a demand for the possession thereof; that it was entitled to possession of the property by reason of the provision of the mortgage by which it was to have possession upon the failure or refusal to pay any of the notes secured thereby when the same became due; that two of the notes were due and unpaid, and damages in the sum of $150. The prayer was for declaration of special ownership by virtue of the facts pleaded, possession of the property, and that the property might be sold. In the chattel mortgage attached thereto as an exhibit it was provided that the property should be delivered to the mortgagee upon default in the payment of "any of the said notes when the same became due," and that the mortgagee might treat the entire debt as due upon the failure to pay any one of the notes when due. At the time of the filing of the petition, the plaintiff filed an affidavit in replevin in regular form and a duly approved bond in replevin in regular

form. The property was delivered to the plaintiff by the sheriff.

The defendant answered by way of general denial and, among other things, alleged that the sale of the notes from the payee named therein, W. R. Freeman, to the plaintiff was without consideration; that the indorsement of the notes was not authorized; that the transfer of the notes was in fraud of the defendant; that the plaintiff was not the owner of the notes, and that W. R. Freeman was a necessary party defendant. Therein the defendant admitted the execution of the notes and mortgage. He alleged that the consideration therefor was a sale of the combine threshing machine to him under a regular warranty, and he alleged a breach of that warranty. He filed a cross-petition in which he sought to recover damages arising from the breach of the warranty. The written instrument relied upon by him as a warranty was a written order from him to W. R. Freeman by which the purchase was "upon and subject to the following mutual and interdependent conditions, and none other, namely." The conditions therein set forth made no reference whatever to the plaintiff and were confined to W. R. Freeman. In that instrument it was provided that:

"It is agreed there is no express, implied or statutory warranty by the dealer of quality, fitness or capacity of the goods above described other than or different from the printed conditional warranty herein contained."

It was further provided therein that:

"The undersigned hereby acknowledge to have received a full, true and correct copy of this order, and that no promises, representations or agreements have been made to or with me not herein contained."

The plaintiff, in its reply, denied the affirmative allegations in the answer and cross-petition.

The record shows that the machine was sold by the plaintiff to W. R. Freeman and that it was sold by W. R. Freeman to the defendant. At the time of the sale by W. R. Freeman to the defendant, the defendant executed the four promissory notes and chattel mortgage. Thereafter those notes and the chattel mortgage were sold by the administrator of the estate of W. R. Freeman, under the authority granted to him by the county court having jurisdiction of the estate of W. R. Freeman, to the plaintiff. Two of the notes matured and they were not paid. After a demand upon the defendant for the possession of the machine, the present action was instituted.

The defendant contends that there was error of the trial court in denying his motion to require the plaintiff to make its petition more definite and certain. The first ground of the motion was that the plaintiff be required to state specifically and with certainty which of the notes were past due. The petition was filed on the 1st day of October, 1928. The notes were dated June 14, 1928. One of them became due on June 25, 1928, and one on July 5, 1928. In the petition it was alleged that the defendant had failed, neglected, and refused to pay any of the notes when the same became due. Only two of the notes were past due by their terms. The petition was definite and certain and there was no error in refusing to require the plaintiff to make it more definite and certain. The defendant requested the court to require the plaintiff to make the petition more definite and certain by stating in what particular the plaintiff deemed itself unsafe and insecure. Under the provisions of the mortgage it was immaterial whether the plaintiff deemed itself unsafe and insecure or not, for, by the terms of the mortgage,

"* * * if default shall be made in the payment of said sum of money or the interest thereon at the time when said or any of said notes or interest shall become due; * * * it shall be lawful, and the said first party hereby authorizes said second party, its successors and assigns, or its authorized agent, to treat the debt hereby secured as fully due and payable, and to take said property wherever the same may be found. * * *"

Thereby the plaintiff, under the facts pleaded, became entitled to the possession of the property. The defendant sought to have the court require the plaintiff to state in what way and manner it had been damaged, what act or acts of the defendant caused its damage, and the amount of the damage. Since no judgment was rendered for any damages, the error, if any, in denying that request was an immaterial error under the provisions of section 319, C. O. S. 1921. The defendant sought to have the court require the plaintiff to state specifically the date it purchased the notes and mortgage and to state whether it purchased them prior or subsequent to the death of W. R. Freeman. It was alleged in the petition that the notes and mortgage were purchased prior to the maturity thereof. We think that there was no error in denying that request. The defendant sought to have the court require the plaintiff to state whether it was seeking to foreclose the mortgage or to secure the possession of the property only. In view of the fact that the plaintiff had filed an affidavit in replevin and a replevin bond in the sum of $4,382 and had

taken possession of the property by receiving it from the officer, we cannot see how there could have been any question as to the intention of the plaintiff. There was no reversible error in denying the motion to make more definite and certain.

The defendant contends that the trial court erred in overruling his demurrer to the petition of the plaintiff. There were three grounds stated in the demurrer. There was no defect of parties, as claimed by the defendant, and there was only one cause of action stated therein. There was no error in overruling the demurrer on either of those grounds. As to the third ground, that the petition did not state facts sufficient to constitute a cause of action, the defendant contends that the petition was defective in that the notes pleaded by the plaintiff did not show that the tax thereon had been paid. Though the tax thereon had not been paid, that fact did not make the petition demurrable under the rule stated in Cole v. Kinch, 134 Okla. 262, 272 Pac. 1017. We are asked to overrule that decision. We decline to do so. It properly construes the statute in question. Section 9613, C. O. S. 1921. We so held in Alexander et al. v. Wright, 135 Okla. 96, 274 Pac. 480, King v. King, 138 Okla. 40, 280 Pac. 271, and Summerall v. Covington Bros. Farm Loan & Inv. Co., 138 Okla. 142, 280 Pac. 584.

Some question is raised by the defendant as to the form of the indorsement on the notes, but in view of the fact that the notes were payable to bearer and that they were delivered in due course to the plaintiff and held by it, we will not further consider that objection.

The defendant objected to the introduction of the notes in evidence for the reason that the tax had not been paid as required by section 9613, supra. He asserts error of the trial court in overruling that objection. Since the plaintiff founded its claim for possession of the property upon a chattel mortgage properly pleaded in its petition, and since the defendant admitted the execution of the notes and mortgage and did not plead payment thereof, it was not necessary for the plaintiff to prove the execution of the notes or mortgage and the offer of those instruments in evidence was surplusage. Hardwick et al. v. Atkinson, 8 Okla. 608, 58 Pac. 747; Gillespey v. Denny, 89 Okla. 270, 215 Pac. 430; Price v. Latimer County Nat. Bank, 119 Okla. 198, 249 Pac. 305; Curry et al. v. DeLana, 127 Okla. 70, 259 Pac. 851, and Home Insurance Co. v. Whitchurch, 139 Okla. 1, 281 Pac. 234. The statute in question does not affect the notes. It relates only to the admission of them in

evidence in any of the courts of the state of Oklahoma. Since the admission of the notes in evidence was not necessary to enable the plaintiff to make a case, the error, if any, in the admission thereof, was an immaterial error.

The defendant contends that the trial court erred in denying his application to amend his answer and cross-petition during the trial and his offer of proof in support of the facts sought to be alleged. Thereby it was sought to vary the terms of a written instrument by parol evidence and the offered evidence was wholly insufficient for that purpose. The witness, Irby Freeman, in behalf of the defendant, testified:

"Q. Mr. Freeman, W. R. Freeman, your father, is dead? A. Yes, sir. Q. The machine in question that was sold to Mr. Neu was a sample machine, was it not? A. Yes, sir. Q. You bought that direct from the company? A. I did. Q. And gave your mortgage for it? A. Yes, sir. Q. And when you sold it to Mr. Neu, you sold it to him and took the obligation back from Mr. Neu to you, didn't you? A. Yes, sir. Q. You didn't take this order as usual with the usual warranty direct from the company? A. No, sir. Q. Ordinarily, when you sell anything but a sample machine the contract is made direct with the company? A. It is. Q. You bought the sample machine outright from the company and gave your obligation for it? A. Yes, sir. Q. And then you resold it to Mr. Neu and gave him a warranty on it? A. Yes, sir."

Under that testimony there was no warranty from the plaintiff to the defendant. There was no evidence or offer of evidence to the contrary. The warranty to the defendant was from W. R. Freeman, and if there was a breach of that warranty, W. R. Freeman was liable to the defendant. The liability of W. R. Freeman thereon was not the liability of the plaintiff in this case. The plaintiff in this case sold a machine to W. R. Freeman as a demonstrator and for demonstrating purposes. The machine was warranted by the plaintiff to W. R. Freeman, but there is nothing in this record that shows any intention on the part of the plaintiff to warrant the machine to this defendant when it was sold to him by W. R. Freeman. We find no abuse of direction of the trial court in denying the application and offer. Smith v. Rockett, 79 Okla. 244, 192 Pac. 691; Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519.

The defendant contends that the trial court erred in not submitting to the jury the value of the property taken and whether or not the plaintiff was, in fact, insecure. Under the terms of the chattel mortgage, it was immaterial whether or not the plain-

tiff was insecure, and the value of the property taken was immaterial in determining the right of possession in the property when it was in the possession of the plaintiff.

At the conclusion of the evidence the trial court directed the jury to return a verdict in favor of the plaintiff. There was no error in so doing. There was nothing to submit to the jury. The plaintiff was the owner and in possession of four promissory notes payable to bearer, which it had procured for a valuable consideration, and a chattel mortgage securing the same. Under the provisions of the chattel mortgage the plaintiff was entitled to possession of the property mortgaged upon default in the payment of any of the notes. Default had been made in the payment of two of the notes. The execution of the notes and mortgage had been admitted and there was no claim of payment. The defense offered was a breach of warranty, but the warranty breached, if any, was not one made by the plaintiff to the defendant. Under the pleadings and evidence, the plaintiff was entitled to possession of the property and the trial court did not err in directing the jury to return a verdict in favor of the plaintiff therefor. Verna State Bank v. Young, 147 Okla. 68, 294 Pac. 635.

We find no error in the judgment of the trial court, and it is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (8), 21 R. C. L. 572-575; R. C. L. Perm. Supp. p. 5075; R. C. L. Pocket Part, title Pleading, § 127.