## HUSEMAN v. UNIVERSAL CREDIT CO.

No. 25955.   Nov. 10, 1936.

A. J. Taft, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

PER CURIAM. Defendant in error, as plaintiff, in this action, sued plaintiff in error, as defendant, to replevin an automobile, claiming default in the payment of the purchase price under a conditional sales contract, asserted to be owned by defendant in error by assignment from original payee. The parties will be referred to as they appeared in the trial court.

Defendant argued several assignments of error. They are: First, that the trial court erred in permitting the introduction in evidence of the note and conditional sales contract, which were incorporated in one instrument, without showing payment of the tax thereon as required by section 12363, O. S. 1931; second, that the court erred in not requiring plaintiff to elect whether it sued on the instrument as conditional sales contract, or a chattel mortgage; third, that the court erred in not dismissing plaintiff's petition at the close of the evidence for the reason that the evidence in the case was to the effect that usury was reserved and charged on the note; fourth, that the court erred in certain instructions to the jury.

We find no merit in the contention that the court erred in admitting the note and mortgage (or conditional sales contract) in evidence because the tax thereon was not paid. Defendant's contention in this regard is untenable under the decision of this court in Neu v. J. I. Case Threshing Mach. Co., 157 Okla. 258, 11 P. (2d) 482. Paragraph 7 of the syllabus of that case is as follows:

"Where, in an action in replevin, for possession of personal property sought to be taken under the provisions of a chattel mortgage, the execution of the notes and mortgage is admitted in the answer of the defendant, and the answer in addition sets up defensive matter, it is not incumbent upon the plaintiff to introduce any evidence to entitle it to judgment."

The sixth syllabus in this case is:

"The competency as evidence of a note on which and by virtue of section 9608, C. O. S. 1921, a tax must be paid, is determined by its condition and status at the time it is offered in evidence, and not at the time the suit was filed. Section 9613, C. O. S. 1921, inhibiting the admission of such a note in evidence upon which tax has not been paid, does not extend the inhibition against the pleading of such a note, for the tax may be paid after the commencement of trial, or when specific or statutory objections are made to the admission of such a note in evidence, on the ground of nonpayment of the tax, the tax may be paid, whereupon the note may be introduced as evidence."

In the opinion the court said:

"The defendant objected to the introduction of the notes in evidence, for the reason that the tax had not been paid as required by section 9613, supra. He asserts error of the trial court in overruling that objection. Since the plaintiff founded its claim for possession of the property upon a chattel mortgage properly pleaded in its petition, and since the defendant admitted the execution of the notes and mortgage and did not plead payment thereof, it was not necessary for the plaintiff to prove the execution of the notes and mortgage, and the offer of those instruments in evidence was surplusage."

There was no error in not requiring plaintiff to elect whether it sued on the instrument as a conditional sales contract or a chattel mortgage. Whichever it was, plaintiff was entitled to judgment for possession if its contention that defendant had defaulted be true. Defendant's contention might apply if plaintiff were suing in the alternative for possession or the balance due on the automobile.

Defendant says that section 5101, C. O. S. 1921 (sec. 9522, Okla. Stat. 1931), applies to this case because the amount due on the note at the time suit was filed was less than $300. (The original face of the note was $418.) The issue of usury was submitted to the jury, which found, by its verdict, there

was no usury. This contention has also been decided adversely to defendant in a recent opinion by this court. In the case of Pierce v. C. I. T. Corporation, 170 Okla. 633, 41 P. (2d) 481, the first syllabus is:

"Usury does not attach to the sale of an automobile for a time or credit price which exceeds the cash price on the same automobile. The usury statutes of this state do not apply to sales, but only to loans of money."

The court, in its instructions, at times referred to the instrument sued on as a "bill of sale", and in one instruction said that such "bill of sale * * * under the law is a mere chattel mortgage." Defendant asserts this misled the jury and was prejudicial to him. We think the instructions, as a whole, submitted the case fairly to the jury, and that they could not have been misled by this, perhaps, loose language. No definite prejudice or confusion is shown by defendant.

The judgment of the trial court should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Clarence A. Warren, Logan Stephenson, and William M. Taylor in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Warren and approved by Mr. Stephenson and Mr. Taylor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.