JONES v. BIG THREE WELDING EQUIPMENT CO., Inc.

No. 29497. Dec. 3, 1940.

*107 P. 2d 1015.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

F. Leonard Sibel, of Oklahoma City, for defendant in error.

WELCH, V. C. J.   This action in replevin was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, and others not here involved, to recover possession of a chattel which had been sold by plaintiff under a conditional sales contract. The defendant was not the purchaser from plaintiff. Defendant was a general creditor of plaintiff's vendee. Defendant obtained the chattel, a welding machine, from the yard or premises of the vendee pursuant to an arrangement to do so and credit its value on the vendee's debt to him, and the chattel was in the defendant's possession when the plaintiff sought to repossess it.

At the conclusion of the trial the court directed a verdict for plaintiff for possession of the chattel, or its value in a stated sum. Such alternative judgment was then rendered and this appeal followed.

Considering the case here on the briefs of the parties, and subsequently filed petition and response, we deem it unnecessary to further discuss the detailed claims of the parties as to rights of possession in the chattel. We deem it sufficient now to say that the evidence supported plaintiff's right to possession and there was no sufficient evidence to submit to the jury upon defendant's claim of title and right to possession. In such circumstances an instructed verdict for plaintiff for possession of the chattel was justified. Pringey v. Maryland Casualty Co., 181 Okla. 278, 73 P. 2d 461.

However, defendant urges that the trial court was without authority to render an alternative judgment in a sum certain, because there was no evidence introduced adjudging the value of the property. The record supports the assertion there was no such evidence.

The record shows that Jones was in no manner indebted to Big Three Welding Equipment Company upon the purchase price of the welding machine, not having dealt with it in the matter of taking possession of the property. It therefore follows that Jones would in no event be liable to the Equipment Company for more than a return of the welder or its value, and for damages. In the present case all claims for damages are expressly waived.

It is settled law in this jurisdiction that in such state of facts a judgment for the return of the property or its value in an amount certain cannot properly be rendered without proof of value. Wills v. Fuller, 47 Okla. 720, 150 P. 693; Beard, Assignee, v. Herndon, 84 Okla. 142, 203 P. 226; Gross v. Lincoln, 81 Okla. 87, 196 P. 960; Cudd v. Farmers Exchange Bank, 76 Okla. 317, 185 P. 521; Rucker v. Campbell, 172 Okla. 429, 45 P. 2d 455. In these decisions are cited many other similar opinions of this court.

The Equipment Company contends that no such proof was necessary herein, for the reason that its verified petition and its affidavit in replevin set forth the value of the property and that Jones' unverified answer is equivalent to an admission or agreement as to value; that the question of value was therefore not in issue. It also points out that one of its exhibits disclosed the selling price of the welder when it was purchased from it by the vendee, who was another person than Jones.

The only case cited by defendant in error which it contends supports its view as above outlined is Neu v. J. I. Case Threshing Machine Co., 157 Okla. 258, 11 P. 2d 482.

There are many obvious distinctions between that case and the present one. In that opinion it was said:

"The defendant contends that the trial court erred in not submitting to the jury the value of the property taken and whether or not the plaintiff was, in fact, insecure. Under the terms of the chattel mortgage, it was immaterial whether or not the plaintiff was insecure, and the value of the property taken was immaterial in determining the right of possession in the property when it was in the possession of the plaintiff."

That quotation is sufficient to clearly disclose a controlling distinction. In the Cudd Case, supra, it was held that allegations of value, or amount of damages, stated in a petition shall not be considered as true by a failure to controvert them.

We conclude that there is reversible error shown in the matter of rendition of alternative judgment in the amount fixed therein. Under such circumstances it is proper that we affirm that portion of the judgment adjudging plaintiff's right to possession of the chattel, and reverse the alternative portion of the judgment for a stated sum as the value of the chattel, and remand for a new trial in part. Gross v. Lincoln, 81 Okla. 87, 196 P. 960.

The judgment for possession is affirmed and the judgment is reversed insofar as it fixes an amount to be paid upon failure to return the property. It is therefore ordered that the judgment for the sum of $767.56 as the value of the welder be vacated, and the cause remanded for a new trial on the question of value.

BAYLESS, C. J., and OSBORN, GIBSON, HURST, DAVISON, and NEFF, JJ., concur. RILEY and CORN, JJ., absent.