**GENERAL FINANCE CORPORATION,**
Plaintiff in Error,

v.

**J. W. JACKSON and C. C. Jinks,**
Defendants in Error.

No. 36394.

Supreme Court of Oklahoma.

April 17, 1956.

Jim Hatcher, Reford Bond, Jr., of Hatcher & Bond, Chickasha, for plaintiff in error.

Clarence McElroy, Owen Vaughn, Chickasha, Melton, McElroy & Vaughn, of counsel, Chickasha, for defendants in error.

HUNT, Justice.

This case was before this court on a prior appeal and the judgment reversed on the ground that plaintiffs in error were erroneously denied a jury trial, 208 Okl. 44, 253 P.2d 166. The plaintiff in the District Court is the plaintiff in error here and the parties will be referred to as they appeared in the trial court. The only question decided by this Court on the former appeal of this case, supra, was the defendants' right to a jury trial on the issues, as shown by the pleadings, the Court stating in its opinion, 253 P.2d at page 167:

"This is an action in replevin for the recovery of specific personal property, and the defendants were entitled to a jury trial upon the issues of fact made by the pleadings. 12 O.S.1951 § 556; Art. 2, § 19 Okl.Constitution. Section 556, supra, provides:

" 'Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived * * *.'

"Under the issues joined by the pleadings herein and the above statute, defendants were entitled to have the issues of fact tried by a jury. The right to jury trial is determined by the character of the pleadings, Estes v. Oklahoma City, 175 Okl. 278, 52 P.2d 873; and where defendants were entitled to a jury trial and demanded it, the court erred in refusing them this statutory right."

The essential facts, as shown by the record, are: This replevin action was filed June 25, 1948 by the plaintiff, General Finance Corporation, to recover possession of a Studebaker truck; plaintiff alleged its title to the truck and special ownership therein and the right to the immediate possession of the property, or the value, by virtue of its ownership of a conditional sale contract executed in the State of Massachusetts, where the property was located on November 14, 1947, which contract was between John J. Rawson, Jr., as buyer, and Bell Service, a co-partnership, which contract included an installment note by John J. Rawson, Jr., for the sum of $1,263, payable in installments of $84.20, the first being due December 15, 1947, which contract and note was assigned on the date thereof to the plaintiff finance company, and the non-payment of installments is alleged. The plaintiff procured the issuance of a writ of replevin, which the Sheriff executed and made return thereon, showing that he took possession of the property and that the defendant, J. W. Jackson, made a redelivery bond and a redelivery of the property was made to Jackson. At the trial of the issues to a jury the evidence disclosed in part that John J. Rawson, Jr., had the truck at the used car lot of Fred Young in Oklahoma City on November 25, 1947, and there represented himself as the owner thereof, and sold the same to the defendant, C. C. Jinks, a used car dealer of Rush Springs, Oklahoma, who, thereafter on January 20, 1948, sold the truck to the defendant, J. W. Jackson. A general verdict was rendered by the jury in favor of the defendants and judgment was entered thereon, adjudging that plaintiff take nothing as against the defendants, J. W. Jackson and C. C. Jinks. Motion for a new trial was overruled and the plaintiff appealed.

The defendant, John J. Rawson, Jr., was not served and made no appearance in the trial court, and he is not a party to this appeal. In this appeal plaintiff contends, among other things, that the trial court erred in refusing to instruct a verdict for plaintiff.

In support of the allegations of their answer, the defendants called attention to the testimony of Mr. Jinks, wherein he said he purchased the truck in Oklahoma City on November 25, 1947, at a used car sales lot operated by Fred Young; that he made the trade with Fred Young, but Rawson and Young were both present; that he inquired of them if there were any debts or liens against the truck and was advised there were none, that he would not have bought the truck had he known there were any liens or debts against it. Defendants also call attention to that portion of the conditional sale contract which provides:

"* * * that this property shall remain titled in the seller until paid * * *. Upon payment of all sums due evidence of title shall be delivered to buyer.",

and assert that the plaintiff, contrary to its obligations in the contract, permitted the buyer, Rawson, to title the vehicle in his own name and call attention to the instrument in evidence issued by the State of Massachusetts, dated November 18, 1947, bearing an illegible registry number entitled "Motor Vehicle Registration Certificate", with the following language:

"The accompanying number plate has been assigned to the motor vehicle described below and the same is hereby registered under the number above written in accordance with the laws of Massachusetts, in the name of the person appearing on the reverse side hereof, said person having applied for such registration as owner."

A certificate of title on the truck was issued on December 5, 1947 by Oklahoma Tax Commission to C. C. Jinks who, on January 20, 1948, sold and transferred the vehicle to J. W. Jackson. Defendants assert that the plaintiff was obligated to title the vehicle in its own name until paid for, and that plaintiff knew, or should have

known, that in the breach of its contract and clothing Rawson with title to the vehicle it would enable Rawson to place the vehicle on the used car lot and sell it to Mr. Jinks, exactly the way it happened. Defendants cite the holding in the case of Wren v. Bankers Investment Co., 207 Okl. 339, 249 P.2d 712, and other decisions of similar import which hold that where the owner of a vehicle has clothed another with indicia of title and ownership, and a third party, in good faith, is thereby induced to deal with such apparent owner, the true owner is estopped to assert his ownership against the rights of the third party to his detriment.

We have examined this case and other cases cited by defendants and find no fault with the rule therein announced under the fact situations there involved. However, in view of the undisputed evidence herein same are not at all decisive or controlling in the situation here involved.

Plaintiff cites cases defining estoppel, and when estoppel is a question for the court and asserts that no inference of estoppel can be drawn from the undisputed evidence, and that only one inference, that is, the plaintiff committed no act or omission which caused the defendants to be misled to their detriment, and the court therefore erred in submitting the question of estoppel to the jury, and that the court should have instructed a verdict for plaintiff, there being only a question of law involved as to whether or not the facts constituted an estoppel.

The plaintiff relies on the rule announced in 19 Am.Jur. 855, Sec. 200, as follows:

"The rule is well established that it is a question of law for the court, in any proceedings, even though the case may involve a trial by jury, whether the facts constitute an estoppel, if the facts are undisputed."

In Exchange Nat. Bank of Tulsa v. Essley, 173 Okl. 2, 46 P.2d 462, 464, this court, in reversing the judgment of the trial court, stated:

"The evidence in the present case was not sufficient to establish the neces-

sary elements of equitable estoppel, neither was there sufficient proof from which to warrant an inference on the part of the jury that such elements existed.

"In the absence of evidence to support the necessary allegations to create an estoppel, the question should not have gone to the jury."

█ We are of the opinion, and find, as a matter of law, that the evidence was insufficient to warrant or sustain a submission of the question of estoppel to the jury.

"Equitable Estoppel or estoppel in pais is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact." 19 Am.Jur. 634, Sec. 34."

There was no conflict in the evidence. As heretofore pointed out, the defendants contend that plaintiff breached its contract of sale in that it did not title the truck in its name, and permitted it to be titled in the name of the buyer, John J. Rawson, Jr., and as a result the buyer was enabled to take the car to a used car lot in Oklahoma City, where it was placed as a stock in trade car and there purchased by the defendant, C. C. Jinks.

The second paragraph of the sale contract begins with the words "Buyer agrees", and continues with a provision as to the amount and rate of installment payments, and further states:

"* * * to deliver certificate of title, if any, showing this lien, to seller * * * to keep said property in buyer's possession at address listed below (7 Liberty Street, Salem, Mass.) unless otherwise approved in writing by seller, that said property shall remain titled in seller until paid * * * not to transfer any interest therein without seller's consent in writing * * *. Upon payment of all sums due evidence of title shall be delivered to buyer."

There is no evidence that there was any certificate of title. When all sums due were paid then evidence of title was to be delivered to the buyer. The defendants, Jinks and Jackson, testified that they did not know of the contract at the time of the purchase of the truck. They, therefore, cannot claim to be prejudiced thereby, or rely on it as an estoppel.

The contract of sale was made on November 14, 1947, and on November 25th the defendant, Jinks, according to his testimony, purchased the truck at a used car lot in Oklahoma City, said he bought the truck from the used car dealer, but that Rawson was present at the transaction. The check in payment of the truck was payable to John J. Rawson, Jr. Jinks sold the truck to the defendant, Jackson, on January 20, 1948.

We have heretofore described the motor vehicle registration certificate issued by the State of Massachusetts on November 18, 1947. The registration certificate is one under which a number plate was assigned the vehicle, and is different from the certificate of title issued by the State of Oklahoma. There was no evidence that the plaintiff permitted or consented to the issuance of the certificate or was aware that it had been issued. Even if the instrument was a certificate of title to the vehicle, issued under a motor vehicle code, it is not a muniment of title which establishes ownership, but is merely intended to protect the public against theft, and to facilitate recovery of stolen automobiles and otherwise aid the State in enforcement of its regulation of motor vehicles. Such is the statement and holding of the court in the case of City National Bank & Trust Co. v. Finch, 205 Okl. 340, 237 P.2d 869, and Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588, and the trial court so instructed the jury. In relying upon estoppel in cases where the owner permits his auto or truck to become a part of stock in trade it is essential that the owner know, or under the circumstances should have known, that the property was being so offered for sale. In the present case there is no evidence showing that the plaintiff knew, or should have known, that the truck would be or had been transported to Oklahoma and there offered for sale as a stock in trade truck. The sale contract required the truck to be kept at the buyer's address in Salem, Massachu-

setts, and prohibited him from transferring any interest therein. Only ten days elapsed between the date of the contract and the date defendant Jinks came into possession of the truck. In Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362, 365, the following language was quoted with approval from a California decision [California Standard Finance Corp. v. Riverside Finance Co., 111 Cal.App. 151, 295 P. 555]:

"'The burden rests upon a party asserting an estoppel to prove all of the elements constituting it. * * * mere possession of an automobile by a dealer being insufficient to establish an estoppel against his vendor in favor of a purchaser.'"

█ The record in the present case contains no competent evidence upon which the doctrine of estoppel could operate against the plaintiff, it shows no act or deed by plaintiff which misled the defendants to their detriment. It is error to submit to the jury a material issue when the evidence is insufficient to raise or sustain the issue.

"It is error to give an instruction presenting to the jury a theory of the case, when there is no evidence to support the theory." Aetna Life Ins. Co. v. Watts, 148 Okl. 28, 296 P. 977.

A case applicable to the present one is West v. Associates Discount Corporation, 206 Okl. 44, 240 P.2d 1077, where an automobile was sold in Tennessee under a conditional sale contract, valid under the laws of that state, but not recorded because the law there did not require its recordation. The contract provided that purchaser was not to remove the property from the state without the written consent of the seller or assigns. The purchaser removed the car to Arkansas without the knowledge or consent of the plaintiff and it was thereafter sold to a used car dealer in Muskogee, who sold it to the defendant 45 days after it was brought into the State of Oklahoma. Under the facts there stated the court held that the title and right of plaintiff, as assignee of such contract, was superior to that of the defendant, although the defendant had no knowledge of the existence of the conditional sale contract and was a purchaser without notice.

In the present case, plaintiff alleged and the court instructed that under the laws of the State of Massachusetts a conditional sale contract does not have to be filed or recorded in order to enable a vendor to enforce its rights thereunder against a bona fide purchaser from the vendee. Lorain Steel Co. v. Norfolk & B. St. Ry. Co., 187 Mass. 500, 73 N.E. 646.

The decisive question presented here is whether the conditional sale contract, which was not required to be recorded by the laws of Massachusetts, and was not filed for record in that state, should be held valid in this state under the facts as disclosed by the record as against a purchaser who bought the car without notice or knowledge of such contract. In West v. Associates Discount Corporation, supra, this identical question was involved, and after reviewing the respective contentions of the parties and considering the applicable authorities, this court answered the question in the affirmative.

██ With respect to the verdict and judgment in favor of the defendant, C. C. Jinks, we find and conclude from the record that such judgment, as a matter of law, is correct and should be sustained, not upon the ground of estoppel but by reason of the fact that the defendant, Jinks, was not in possession of the truck at the time the action was commenced. The plaintiff's petition prays judgment against Jinks for the value of the truck in the event the defendant, Jackson, fails to deliver the same to plaintiff. The writ of replevin was put in evidence and the sheriff's return thereon shows that the defendant, J. W. Jackson, held possession and gave a re-delivery bond for the truck and thereby retained possession. The defendant, Jinks, demurred to plaintiff's petition and at the conclusion of the trial interposed a demurrer to plaintiff's evidence and moved for an instructed verdict in his favor.

"An action of replevin cannot be maintained against one who is not in the actual or constructive possession of the property at the commencement of the action." Bales v. Breedlove, 96 Okl. 280, 222 P. 542; Commercial

Credit Co. v. Harjo, 178 Okl. 397, 63 P.2d 686.

Under such rule and the facts disclosed by the record, the verdict and judgment in favor of the defendant, C. C. Jinks, was correct, and same is therefore affirmed.

As to the defendant, Jackson, we conclude, after a careful examination of the entire record and consideration of all the facts disclosed thereby, and the law applicable thereto, that the trial court erred as a matter of law in not sustaining the motion of plaintiff for a directed verdict against said defendant, Jackson, for possession of the truck here involved.

This being a replevin action, under 12 O.S.1951 § 1580, the judgment herein should be for recovery of possession of the truck, or the value thereof, in case a delivery cannot be had.

Defendants call attention in their brief to the fact that there is no evidence in the record as to the value of the truck at the time of the taking. Examination of the record herein discloses that no evidence whatever was offered or introduced on the question of value. Defendants also assert that the mere allegation in the petition of the value of the truck, or the introduction of the check given in payment thereof, is not evidence of value, and further assert that no alternative judgment can be rendered in a replevin action where there has not been submitted evidence of the value of the property at the time of the taking. Citing, Beard v. Herndon, 84 Okl. 142, 203 P. 226, and Jones v. Big Three Welding Equipment Co., Inc., 188 Okl. 220, 221, 107 P.2d 1015.

We agree with this contention, but do not agree with their further contention that by making C. C. Jinks a party defendant and seeking a judgment against him for the value of said truck in the event same was not delivered, plaintiff treated the transaction as an absolute sale.

In Rucker v. Campbell, 172 Okl. 429, 45 P.2d 455, 457, the court said:

"This court has many times held that, where the effect of the verdict or judgment in a replevin action is to change the possession of the property involved, there must be a finding of the value of the property before a judgment for such value in case delivery cannot be had may be entered. Universal Supply & Machinery Co. v. Construction Machinery Co., 160 Okl. 209, 16 P.2d 865; Chandler v. Colcord, 1 Okl. 260, 32 P. 330."

See also, Shipman v. Adamson, 96 Okl. 84, 221 P. 74. In Beard v. Herndon, supra [84 Okl. 142, 203 P. 230] the court said:

"Besides, in the instant case there was a general denial filed which put all the questions in issue, including that of value, which must be proven whether denied or not. It cannot be determined from the record in this case whether a delivery of the property replevined can be had. If delivery could be had, then the judgment for the possession for the plaintiff is sufficient. If it cannot be delivered, it will be necessary to supply the trial court with proof of the value of the property before a valid money judgment in the alternative can be granted for the amount of the value of the property against the defendant.

"We therefore, by authority of Wills v. Fuller, 47 Okl. 720, 150 P. 693, and the case of Gross v. Lincoln [81 Okl. 87], 196 P. 960, order that the cause be remanded, with directions for the court to take evidence of the value of the property replevined, and enter an alternative money judgment for the amount of the value of said property so determined."

That is the situation here, and since we have found the plaintiff is entitled to a judgment for possession against the defendant, Jackson, this cause is reversed as to said defendant and is remanded to the District Court of Grady County with directions to render judgment for the plaintiff against said defendant, Jackson, for possession of said truck, and if it cannot be delivered, to take evidence of the value of same, and enter an alternative money judgment for plaintiff for the amount of the value of said truck, so determined, against said defendant, Jackson.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.