## TOM COOK INDEPENDENT CASING CREW et al. v. MEADOWS et al.

No. 21215. Opinion Filed March 31, 1931.

Clayton B. Pierce, for petitioners.

H. C. Thurman, Byrne A. Bowman, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court to review an award of the State Industrial Commission, made and entered on the 10th day of March, 1930, wherein the State Industrial Commission awarded compensation to W. M. Meadows, and ·held· Tom Cook Independent Casing Crew and Employers' Casualty Company, insurance carrier, liable therefor.

The only question presented for review here is stated as follows: The State Industrial Commission committed error in fixing liability on the Tom Cook Independent Casing Crew and its insurance carrier and relieving from liability the Crawford Drilling Company and its insurance carrier, Globe Indemnity Company. The record discloses that Tom Cook and his brother operated this and two other casing crews.

Petitioners contend that this respondent was a member of the casing crew, which was composed of five men, who had associated themselves together for the performance of that particular kind of work, and that the drilling company was employer of Meadows and not the casing crew.

The question of whether or not this was an association, a partnership, or association of two brothers, Tom Cook and his brother, is a question of fact. Mr. Meadows testified that when he was hired by the Cook brothers he received $10.40 a tower for work; that Cook had a right to fire him at any time he desired; that he was paid whether Cook collected for the work or not, and that where the collections were not made, Cook did not call on any of the employees of the crew to make up any part of the loss.

J. G. Cook testified that he was in the casing crew business; that the casing crew consisted—"Well, it is my brother and I. Q. Your brother and you? A. Yes." He testified that he and his brother had entered into a contract with the J. R. Crawford Drilling Company to perform certain work; that company called for a crew, and that the price was $130 a string in the Seminole field. Mr. Cook further testified that he and his brother paid their men at the rate of $10.40 a tower. The question was asked: "Mr. Cook, they don't have anything to do with the management of the crew or divide any of the profits of the crew? A. No, we give them $10.40—that is understood—$10.40 a tower."

Both Cook and Meadows testified that the Cook brothers worked in the field with the crew. The Industrial Commission found that all three of said casing crews were under the direction of Tom Cook; that the members of said casing crew were each paid by the tower; and that said Tom Cook had the right at any time to discharge any member of the Tom Cook Independent Casing Crew. The Commission further found: "The Commission is of the opinion, on consideration of the foregoing facts: That claimant, W. M. Meadows, was an employee of the Tom Cook Independent Casing Crew, one of the respondents herein, at the time he received the accidental injury." The Commission further found that the employees were not joint adventurers in the casing business.

Petitioner in his brief cites several cases where the casing crew was composed of men jointly interested, who shared in the losses and divided the profits. The case at bar is distinguished from those cases. In the case at bar the Crawford Drilling Company did not employ Meadows. Neither did the Cook brothers enter into the contract with the Crawford Drilling Company as agent of Meadows. The Cook brothers had the right to use Meadows, if his services were satisfactory, or to discharge him and employ some one else. The fact that the Cook brothers, in fixing the compensation paid to their employees, figured 20 per cent. profit to themselves, does not change the relation of employer and employee to that of joint adventurers.

The Industrial Commission found that claimant, respondent herein, W. M. Meadows, was the employee of Tom Cook Independent Casing Crew, and there is competent evidence to support said finding, and the same, being a finding of fact, will not be disturbed by this court on review.

The judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.