## AETNA LIFE INSURANCE CO. v. Mc-MARTIN et al.

No. 22688.    Opinion Filed May 3, 1932.

Rehearing Denied June 21, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Fred Davis, and D. H. Evans, for respondents.

CULLISON, J.    This is an original proceeding brought to review an order and award of the State Industrial Commission made and entered July 22, 1931, in favor of Fred C. McMartin.

Claimant, Fred C. McMartin, received serious injuries in and about his body, head, and limbs, as a result of an accident sustained January 3, 1925, while working on an oil well owned jointly by numerous parties.

Pursuant to hearings held in 1925 and 1931, the State Industrial Commission filed the order and award which is made the subject of this original proceeding to review. Said order, in toto, is as follows:

"Before the State Industrial Commission of the State of Oklahoma.

"Fred C. McMartin, _____Claimant.

v.

"International Supply Co., ____Respondent.

"No Insurance

"Burnett Oil Company, _____Respondent.

"No Insurance

"M. S. Silverman, _____Respondent.

"No Insurance

"J. S. Stout, _____Respondent.

"No Insurance

"L. H. Cravens, _____Respondent.

"No Insurance

"R. L. Jones, _____Respondent.

"No Insurance

"W. R. Castile, _____Respondent.

"No Insurance

"C. H. Dexter, _____Respondent.

"No Insurance

"Pollyanna Oil Company, ____Respondent.

"Aetna Life Insurance
    Company, _____Insurance Carrier.

"Oklahoma Union Oil Co., ___Respondent."

"No Insurance" __

"Order.

"Now, on this 22nd day of July, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearing had at Oklahoma City, Okla., on the 29th day of June, 1925, before Commissioner Edgar Fenton to determine liability and extent of disability; at which hearing claimant appeared in person and by his attorney, W. B. Richards; respondent Pollyanna Oil Company being represented by W. H. Hulett; respondent C. H. Dexter being represented by W. H. Hulett; hearing had at Sapulpa, Okla., on the 17th day of September, 1925, before Commissioner Fenton to take further testimony; at which hearing claimant appeared in person and by his attorney, W. B. Richards; respondent Silverman appearing not; respondent J. S. Stout appearing not; respondent L. H. Cravens, appearing not; respondent, R. H. Jones, appearing not; respondents W. R. Castile and M. S. Ashmead appearing by Roy McElhinney and J. P. O'Meara, hearing had at Sapulpa, Okla., on the 8th day of October, 1925, before Commissioner Fenton to take further testimony, at which hearing claimant appeared in person and by his attorney, W. B. Richards; respondent International Supply Company being represented by W. O. Craig; respondents Burnett Oil Company, M. H. Silverman, Oklahoma Union Oil Company, being repre-

sented by J. P. O'Meara and M. L. Matson; respondents J. S. Stout, L. H. Cravens, R. H. Jones, S. B. Gibson, M. S. Ashmead, and W. R. Castile, being represented by Ray McElhinney; respondents Pollyanna Oil Company and C. H. Dexter being represented by W. H. Hulett; respondents Joan Marie Jones, C. L. Spangler, and C. L. Anderson appearing not; a hearing had at Oklahoma City, Okla., on the 16th day of April, 1931, to take further testimony relating to liability, extent of disability and disfigurement before Commissioner Fred H. Fannin, at which hearing claimant appeared in person and by his attorneys, Fred Davis and D. H. Evans; respondent International Supply Company, not represented; respondents Burnett Oil Company, M. H. Silverman, J. S. Stout, W. R. Castile, C. H. Dexter, and Oklahoma Union Oil Company, were represented by Ray McElhinney; Pollyanna Oil Company and Aetna Life Insurance Company being represented by C. B. Pierce; a hearing had at Oklahoma City, Okla., on the 17th day of April, 1931, before Commissioner Fannin to take further testimony, at which hearing same appearances were noted; a hearing at Oklahoma City, Okla., on the 12th day of May, 1931, before Commissioner Fannin, to take further testimony, same appearances again noted and an oral argument before Commissioner Fannin on the 13th day of June, 1931, and the Commission, after reviewing the testimony taken at said hearings, all the reports on file, after considering the oral argument, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That claimant, Fred C. McMartin, sustained an accidental personal injury arising out of and in the course of his employment with respondents herein on January 3, 1925, when he was burned while pulling casing in a well which exploded and ignited, burning arms, ears, eyes, legs, back and chest.

"(2) That, as a result of said accidental injury, claimant was temporarily totally disabled for 52 weeks; that claimant was paid $30.78 for temporary total disability; that claimant received serious and permanent disfigurement by reason of the accident, there being large scar from burn on posterior part of the scalp, approximately the size of two silver dollars which is devoid of hair; there is loss of the entire external left ear, with the exception of the lobe; there is a scar on the right ear with loss of a very small portion of the rim of the right ear; there is a small superficial scar in front of the right ear; there are numerous scars on the face, the most noticeable being on the left side of the face and in the left temple and about the left lower jaw; the scars on the left side of his face seems to draw his face to the left: there are a few small vertical scars across the right lower jaw; the scars on the left side of

the face closely approach the outer canthus of the left eye; there are several superficial scars on the anterior chest wall; one being about the size of a dollar just to the left of the right nipple; on the back there are two large scars, that on the left being about eight by four inches and lying directly beneath the angle of the scapula; that on the right is about four by five inches and lies beneath the angle of the right scapula; there is another scar about three by one inch, which lies directly over the left scapula; on the right leg there is a small scar about two by one and one-half inches on the outer aspect of the calf of the leg; on the left anterior thigh there is a large area which measures approximately six by three inches, there are two smaller scars about four inches above this area; on the calf of the left lower leg there is an area approximately two and one-half by two inches; on the right arm there are two large scar tissue areas; one on the posterior aspect of the upper arm and running past the elbow is ten inches by five inches; beneath this on the posterior aspect of the forearm there are two patchy areas which measure about four by two inches each; on the ulna aspect of the forearm immediately above the wrist joint there is an area about four inches by four inches; on the left arm there is practically continuous scarring on the extensor surface of this arm from a point about three inches below the shoulder joint down to and including the wrist joint and the hypothenar eminence; these scars encroach upon the flexor surface of the arm in the biccpital area over the internal malleolus of the left elbow joint at the lower one-half of the left forearm; that claimant is totally deaf in the left ear.

"(3) That claimant has 20 per cent. loss of vision in the left eye.

"(4) That the average daily wage of claimant at the time of the accident was $4.

"The Commission is of the opinion, by reason of the aforesaid facts that claimant is entitled, under the law, to 52 weeks' compensation for temporary total disability, less $30.78 heretofore paid and less the five-day waiting period; that claimant is entitled to $3,000 for serious and permanent disfigurement and loss of hearing in left ear; that claimant is entitled to all medical expense incurred by him as a result of said aforementioned accidental personal injury.

"It is, therefore ordered that within 15 days from this date, respondents, International Supply Company, Burnett Oil Company, H. H. Silverman, H. S. Stout, L. H. Cravens. R. H. Jones, W. R. Castile, C. H. Dexter, Pollyanna Oil Company, or its insurance carrier, Aetna Life Insurance Company, Oklahoma Union Oil Company, pay claimant the sum of $800.28, less the five-day waiting period and less $30.78 hereto-

fore paid, being 52 weeks' compensation for temporary total disability; pay claimant $3,000 for serious and permanent disfigurement and loss of hearing in left ear; pay claimant $307.80 for 20 per cent. loss of vision in left eye, which is 20 weeks' compensation at the rate of $15.39 per week, and pay all medical expense incurred by claimant as a result of said injury.

"It is further ordered that within 30 days from this date, the respondents herein file with this Commission proper receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order the roll was called and the following answered aye: Chairman Doyle—Commissioners Fannin and McElroy."

Petitioner, Aetna Life Insurance Company, commenced this original proceeding in this court within the statutory period, alleging in its petition seven specifications of error. Petitioner states that its contention in this appeal is fully set out in the sixth specification, which is as follows:

"There is an entire absence of competent evidence that the respondent, Fred C. McMartin, was in the employment of the Pollyanna Oil Company at the time of the happening of the accident upon which this award is based, and for that reason the purported finding of fact contained in said award and numbered one is not reasonably supported by any competent evidence."

We observe that petitioner (Aetna Life Insurance Company) admits that it is the insurance carrier for the Pollyanna Oil Company, a corporation, and by reason of its contract with the Pollyanna Oil Company had a legal obligation to indemnify or compensate those persons injured who were employees of the said company, but contends that the relationship of master and servant did not exist between the Pollyanna Oil Company and the claimant, Fred C. McMartin, at the time of the injury.

The record discloses the following pertinent facts: The Pollyanna Oil Company was a foreign corporation. Mr. C. H. Dexter, its superintendent, resident officer and agent in Oklahoma, had offices in Tulsa, Okla. Through Mr. Dexter, the Pollyanna Oil Company leased or rented on conditional sale certain oil well casing to L. H. Cravens, worth approximately $4,100. The Pollyanna Oil Company received $500 cash and an undivided 1/32 interest in an oil and gas lease, a well to be drilled on said lease at Mounds, Okla., said acquired interest of the Pollyanna Oil Company to become effective if the well was a producer, other-

wise the oil well casing, or its equivalent in money (cash value of $3,616.35) would be a balance owing said oil company for said casing. The Pollyanna Oil Company did sue for the balance due on said casing after the injury sustained by this claimant, Fred C. McMartin. The Pollyanna Oil Company assigned their undivided 1/32 interest to Mr. Dexter on January 3, 1925, the day said injury occurred, but the same was not recorded until two days thereafter.

The record further shows that at the time of the injury C. H. Dexter was a salaried employee of the Pollyanna Oil Company and never personally had any interest in the well. His acts were those of an agent of the Pollyanna Oil Company. As such agent he hired C. E. Lieb and instructed Lieb to get some men and go to work in an effort to get back the casing for the Pollyanna Oil Company, or its equivalent of about $3,600 in cash, by making said oil well a producer under the terms of the lease or conditional sale.

C. E. Lieb hired this claimant in pursuance to his instructions from C. H. Dexter, agent of the Pollyanna Oil Company, and this claimant sustained injuries while so employed.

Mr. Dexter paid this claimant compensation, for which he was reimbursed by the Pollyanna Oil Company.

In our opinion this evidence is sufficient to establish the relation of employer and employee between the Pollyanna Oil Company and Fred C. McMartin. At the time of the injury, the Pollyanna Oil Company, whose Oklahoma superintendent (agent) had employed this claimant, not only owned an interest in the oil well in the way of casing, but by virtue of the failure of its agent, C. H. Dexter, to record the assignment of its undivided 1/32 interest to him until after the injury, the Pollyanna Oil Company had not divested itself of said interest as against this claimant.

It is further observed that the Pollyanna Oil Company ratified the act of its agent, Dexter, in paying claimant compensation by reimbursing him. Having made proof of this ratification before the Commission, the claimant has made proof of agency and authority, for the one includes the other. Beard v. Herndon, 84 Okla. 142, 203 P. 226.

The Commission having found that the claimant, Fred C. McMartin, was an employee of the Pollyanna Oil Company, and

there being competent evidence reasonably tending to support said finding, the same, being a finding of fact, will not be disturbed by this court on review. Tom Cook Independent Casing Crew v. Meadows, 148 Okla. 69, 297 P. 270.

The award of the Industrial Commission is affirmed.

CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.