## EXCHANGE NATIONAL BANK OF TULSA v. ESSLEY.

No. 24401.　May 28, 1935.

Rehearing Denied June 18, 1935.

Jos. L. Hull, Jas. E. Bush, and Chas. E. Bush, for plaintiff in error.

F. A. Bodovitz, for defendant in error.

GIBSON, J. The plaintiff in error will be referred to herein as plaintiff, and the defendant in error as defendant.

This is an action on a promissory note commenced in the district court of Tulsa county by plaintiff, as payee, against one J. H. O'Rear, as maker, and the defendant, as indorser. Judgment was sought for $3,500, interest and attorney's fees. The note was dated September 11, 1930, and matured November 10, 1930. Suit was commenced August 10, 1931. O'Rear defaulted and is not a party to this appeal.

Defendant alleges that prior to maturity of the note he notified Mr. Brownlee, an officer of the plaintiff bank, that he would not continue as indorser and surety, and urged and requested plaintiff to proceed to enforce collection of the note at maturity, and that defendant was given to understand that plaintiff would enforce collection as requested, by reason of which the defendant was lulled into a sense and feeling of security and took no steps to pay said note and enforce collection thereof against O'Rear at the maturity thereof; that O'Rear was solvent and able to pay said note on the due date thereof, but was now insolvent and no longer a resident of Oklahoma. It is further alleged that said note was extended without defendant's knowledge and consent, and that by reason thereof, and by reason of plaintiff's failure to commence suit within a reasonable time after maturity of the note, as promised, the plaintiff was now estopped from setting up a claim against defendant as surety to the extent of the depreciation in the value of O'Rear's properties since maturity of the note.

Plaintiff contends that this defense is governed by the provisions of section 9632, O. S. 1931, wherein a surety is authorized to require his creditor to proceed against the principal or to pursue any remedy the creditor may have which the surety cannot himself pursue.

Defendant, on the other hand, insists that he has never asserted a defense under said section 9632, but has at all times pleaded, proved, and relied upon an estoppel.

After an examination of the record and the briefs of counsel, we agree that the defense in this case was conducted upon the theory of estoppel. In so far as the defense is concerned, we must adhere strictly to that theory on this appeal. 2 R. C. L. 79.

In the testimony of the defendant we find the evidence which defendant says works an estoppel against the plaintiff. Referring to a conversation had between defendant and Brownlee, the plaintiff's officer, counsel inquired of defendant:

"Q. What did he say? (referring to Brownlee). A. He said if it wasn't paid (the note) he would sue for it. He wanted to know if that was what I wanted him to do, and I told him, yes, sir. Q. And did he tell you then that the note would either be paid or he would bring suit? A. He told me he would bring suit on it if something else wasn't done on it, some satisfactory arrangement made."

Defendant testified that he relied on these representations, and that nothing more was said to him about the note until three or four months after the maturity thereof, when he was informed by Brownlee that the note had not been paid, but that O'Rear had been trying to take care of it.

Upon the above evidence, and certain evidence concerning O'Rear's inability to pay the note, and his present financial condition, the trial court submitted the question of estoppel to the jury, after overruling plaintiff's demurrer to the evidence and after overruling its motion for a directed verdict, with the following instructions:

"No. 2. You are instructed that a surety may be discharged from liability by any act of a creditor which induces the surety to forego taking steps to protect himself, such as a false representation of an existing act or contemplated act."

And No. 4, in part, as follows:

"* * * You are therefore instructed that if you find from a preponderance of the evidence that the defendant Essley gave the plaintiff notice, as above described, and that the plaintiff agreed to collect said note, make other arrangements or bring suit, and that the defendant relied thereon, to his damage then the plaintiff bank would be estop-

ped from claiming any sum equal to the damage so suffered by the defendant Essley."

Exceptions were duly saved by the plaintiff.

Ordinarily, representations or promises from which an estoppel may arise must relate to the existence of some past or present fact, and a mere promise to do or not to do something in the future does not work an estoppel. 10 R. C. L. 690. There is a well-recognized exception to this rule where representations as to the future may operate as an estoppel. In 21 C. J., page 1142, section 144, the rule and the exception thereto is stated as follows:

"The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present and not to promises concerning the future, which, if binding at all, must be binding as contracts. However, a well-recognized exception to the rule is presented where the statement relates to intended abandonment of an existing right and is made to influence others who have in fact been influenced by it, although it is said that this is the only case in which a representation as to the future can be held to operate as an estoppel."

The representations made by plaintiff's officer did not relate to past or present facts. In order for said representations to work an estoppel against plaintiff, they must fall within the above-stated exception and must relate to an intended abandonment of an existing right of the plaintiff. At the time of the alleged representations plaintiff's existing rights, among others, were to extend payment of the note without notice to, or consent of, the defendant, and to commence suit thereon against the maker and surety, or against either. The representation made by plaintiff to defendant was to bring suit on the note "if something else wasn't done on it, some satisfactory arrangement made."

This representation amounts to no more than a conditional promise, a promise to sue if some satisfactory arrangement was not made. It is merely a declaration that plaintiff will pursue one or another of a number of courses open to it under the terms of the note. Plaintiff saw fit to accept as satisfactory at the time an arrangement to extend the note. There is no evidence disclosing a promise on the part of plaintiff to bring suit on the note and abandon its right to renew same with O'Rear, and there is nothing contained in the alleged representation of plaintiff from which to imply such promise.

This court, in Flesner v. Cooper, 62 Okla. 263, 162 P. 1112, has defined the elements necessary to an equitable estoppel as follows:

"First. There must be a false representation or concealment of facts;

"Second. It must have been made with knowledge, actual or constructive, of the real facts;

"Third. The party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts;

"Fourth. It must have been made with the intention that it should be acted upon;

"Fifth. The party to whom it was made must have relied on or acted upon it to his prejudice. The representation or concealment mentioned may arise from silence of a party under imperative duty to speak; and the intention that the representation or concealment be acted upon may be inferred from circumstances."

Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329; Equitable Life Assurance Society v. Case, 167 Okla. 119, 28 P. (2d) 571.

The evidence in the present case was not sufficient to establish the necessary elements of equitable estoppel, neither was there sufficient proof from which to warrant an inference on the part of the jury that such elements existed.

In the absence of evidence to support the necessary allegations to create an estoppel, the question should not have gone to the jury. The trial court was in error in overruling plaintiff's demurrer to the evidence of the defendant; and in error in not sustaining plaintiff's motion for a directed verdict.

The judgment of the trial court is reversed and the cause remanded, with instructions to take such further proceedings as are consistent herewith.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BAYLESS, JJ., concur.