`John Groh, Appellant, v. The Great Eastern Casualty and Indemnity Company of New York, Appellee.

1. ACCORD AND SATISFACTION—*what does not constitute.* The retention of a voucher check containing a receipt in full does not constitute an accord and satisfaction if the check is not endorsed.

2. VARIANCES—*when objection comes too late.* An objection of variance first made in the Appellate Court comes too late.

Appeal from the County Court of Sangamon county; the Hon. G. W. MURRAY, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

S. H. CUMMINS, for appellant.

JOHN G. FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On December 6, 1906, the defendant issued to the plaintiff a policy of indemnity against loss of time from accident and illness. Clause "a" of said policy provides for indemnity to the insured at the rate of twenty dollars per month for a period not exceeding twenty-four consecutive months against total loss of time resulting directly and independently of all other causes from bodily injuries effected through external, violent and accidental means whereby the insured is

disabled from performing every duty pertaining to any business or occupation. Clause "e" provides for indemnity at the rate of twenty dollars per month for the number of consecutive days after the first week not exceeding six consecutive months that the insured is necessarily and continuously confined within the house and therein regularly visited by a legally qualified physician by reason of illness that is contracted and begins after the policy had been made and maintained for sixty continuous days. Clause "g" provides that disability or loss resulting wholly or in part, directly or indirectly from sunstroke, freezing, carbuncles, boils, felons, abscesses, ulcers, blood poison or septicemia, or contact with poisonous or infectious substances shall be classified as illness, and covered only under paragraph "e" of said policy, the original cause thereof notwithstanding. On January 29, 1907, the plaintiff, a coal miner, suffered a severe injury to his left forefinger, by the falling of a piece of slate or coal thereon from the roof of the mine, whereby said finger was crushed and one of the bones thereof was broken and subsequently became necrosed. The defendant refused to pay plaintiff's claim for total disability and the latter brought this suit on said policy of insurance and recovered a verdict and judgment against the defendant for $100.

On August 15, 1907, the defendant sent to the plaintiff a check on The National Bank of Commerce in New York for $14.33, payable to the order of the plaintiff, in full and final settlement of all claims against the defendant for any injury or any illness originating prior to the date thereof, or any future effects therefrom, upon the back of which check was printed an endorsement as follows:

"Received from the Great Eastern Casualty and Indemnity Co. of New York the within amount, in full settlement, discharge and release that I, myself, my

executors, administrators, assigns or beneficiaries, for any injuries or illness originating prior to the date of this check or other future effects.

_____

(Endorse here.)

"Paying banks will not honor this check unless endorsed as directed above."

The plaintiff retained the check without endorsing the same, and it is urged on the behalf of the defendant that such retention of the check by the plaintiff must be held to have constituted an accord and satisfaction of his claim against the defendant. If the plaintiff had endorsed the check for payment upon the terms therein stipulated there would be force in defendant's contention, but in the absence of such action by the plaintiff, the mere retention by him of said check did not constitute an accord and satisfaction.

The declaration alleges that plaintiff was totally disabled from the date of his accidental injury on January 29, 1907, until June 1, 1907, while the evidence tends to show that plaintiff's total disability continued until the first of August, 1907. The evidence as to plaintiff's total disability after June 1, 1907, was not objected to on the trial, and the question of variance in this respect cannot be raised for the first time in this court.

The evidence furthur tends to show that the physician who made an examination of plaintiff's injuries, found indications of blood poisoning in plaintiff's wound and it is insisted on behalf of defendant that for any disability of the plaintiff occasioned by blood poisoning, he is only entitled to recover under clause "e" of the policy, which limits the amount of his indemnity to four dollars a month. This claim by the defendant is clearly an afterthought and is without foundation, for two reasons, viz: First, because a claim for indemnity under clause "e" of the policy, as therein expressly provided, does not arise until the

policy has been maintained in continuous force for sixty days, while the claim for indemnity in this case accrued to the plaintiff within thirty days after the date of the policy; second, because the defendant procured an instruction to be given to the jury that the plaintiff was not entitled to recover anything under clause "e" of the policy.

The third instruction given to the jury at the instance of the plaintiff is not wholly free from criticism, but in view of what we have heretofore said relative to the receipt and retention by plaintiff of the check sent him by the defendant as not in itself constituting an accord and satisfaction, no harm could have resulted to the defendant by the giving of said instruction.

Whether or not the plaintiff was totally disabled as a result of his accidental injury was a question of fact for the jury, and their finding upon that issue is not against the manifest weight of the evidence.

There is no error in the record prejudicial to defendant and the judgment of the county court will be affirmed.

*Affirmed.*