## WHEELER & MOTTER MERCANTILE CO. v. KITCHEN et al.

No. 8457—Opinion Filed Dec. 11, 1917.

(169 Pac. 877.)

(Syllabus.)

**Payment—Payment by Check—Acceptance.**

Where a debtor assigned all his property to a trustee to be sold, and the proceeds paid to his creditors in proportion to the amount of their several claims, and the assignment provided that the amount received by the creditors accepting thereunder would be in full settlement and satisfaction of all claims of said creditors, and where the trustee voluntarily sent to a creditor who had refused to agree to the assignment or participate therein his check for the amount the creditor would have been entitled to had he agreed to become a party thereto, which check the creditor offered to accept as part, but not in full payment, if the debtor would consent, but which consent was refused, held, that the mere failure to return the check without presenting same for payment or making other affirmative use thereof did not amount to an acceptance of same as payment in full satisfaction of the debt.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by the Wheeler & Motter Mercantile Company against T. W. Kitchen and M. Sutton, partners doing business under the firm name and style of Kitchen & Sutton, Judgment for defendants, and plaintiff brings error. Reversed and remanded, with direction to enter judgment for plaintiff.

John L. Crank, for plaintiff in error.

Horace B. Durant, and Holmes, Yankey & Holmes, for defendants in error.

MILEY, J. This was an action upon an admitted debt amounting to $371.63, and interest, alleged to be due the plaintiffs in error by defendants in error. The only defense was that the plaintiffs below before suit accepted a check for $155.08 from a trustee to whom the defendants had assigned their property for the benefit of their creditors under circumstances which made it a discharge of the whole debt. The assignment provided that the amount received by the creditors accepting thereunder would be in full settlement and satisfaction of all claims of said creditors.

The cause was submitted in the court below upon an agreed statement of facts, from which it appears that the defendants were indebted to the plaintiffs in the amount claimed; that the assignment was executed as alleged, that practically all creditors, except the plaintiffs, agreed to the same, but that the plaintiffs refused to participate therein; that the trustee voluntarily sent to plaintiffs a check for $155.08, being the pro rata share of their claim, which was received by the plaintiffs prior to the commencement of the action, and is still retained by them, but has never been cashed; and that the plaintiffs offered to accept the check and apply the proceeds on the amount of the indebtedness if the defendants would agree, but which they refused to do.

The trial court found that the "plaintiffs, by retaining said check and not returning same to the trustee prior to the trial, had accepted and agreed to the terms of the assignment and composition," and rendered judgment accordingly, to reverse which this proceeding in error is prosecuted by the plaintiffs below.

It is unnecessary to determine in this action whether the receipt and acceptance by a creditor of a payment by the trustee of a less sum than that due, with knowledge of the condition named in the assignment that such payment should be in full settlement, would operate as a bar to an action for the recovery of the balance from the debtor. Assuming that it would be a bar, the question arises whether the mere failure to return the check amounted to an acceptance of same as such payment. We think not. A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check (section 4239, Rev. Laws 1910), and until presented and paid, or accepted or certified by the bank, is revocable by the drawer, who has the legal control of the moneys to his credit (First Natl. Bank of Durant v. School Dist. No. 4, Bryan County, 31 Okla. 139, 120 Pac. 614, 39 L. R. A. [N. S.] 655). A check, without regard to whether that of the debtor or of a third person, does not constitute payment, unless it is agreed that it shall be taken as an absolute payment. 30 Cyc. 1207. While the agreement to so accept a check may be implied from the facts and circumstances of the transaction, to do so in this case would disregard the agreed facts, that the plaintiff offered to allow the amount to apply on the indebtedness, but not as full satisfaction. If, after refusal to allow application of the amount as part payment, the plaintiffs had cashed the check, had the same certified, or made some affirmative use of it, there might be force to the contention that they were bound by the conditions attached to the tender thereof. But, in our opinion, more than the mere receipt and retention of the check, with knowledge of the conditions under which it was sent, is essential to constitute acceptance thereof as full payment and satisfaction of the debt. Groh v. Great Eastern Casualty & Indemnity Co., 155 Ill. App. 18; Emerson v. Gerber, 178 Mass. 130, 59 N. E. 666. Defendants contend that delay for an unreasonable length of time to return the check will amount to an election to accept the same as payment in full settlement. This might be true if, in addition to retaining the check, the plaintiffs had failed to give notice of their refusal so to accept it. Furthermore, there was no evidence of the date the check was received by plaintiffs; hence it cannot be determined that it had been in their possession an unreasonable length of time when suit was commenced.

The right of the trustee to recover of the plaintiffs if he has suffered any injury by reason of their retention of the check, or the liability of the plaintiffs if any loss had been caused by delay in presenting or returning the check (section 4236, Rev. Laws 1910), is another matter.

We hold that the plaintiffs were upon the agreed facts entitled to recover the full

amount of the indebtedness, and the judgment is accordingly reversed, and the cause remanded, with directions to enter judgment for plaintiffs for the amount of the debt and interest thereon.

All the Justices concur.