## PRINGEY v. MARYLAND CASUALTY CO.

No. 27700.    Nov. 16, 1937.

Thos. G. Andrews and Clyde L. Andrews, for plaintiff in error.

Parke Davis and Wilcox & Swank, for defendant in error.

GIBSON, J.    The defendant in error, Maryland Casualty Company, commenced this action in the district court of Payne county against plaintiff in error, Leo H. Pringey, its former agent, to recover a certain sum representing insurance premiums allegedly due under the terms of an insurance agency contract. The action of the trial court in instructing a verdict for plaintiff is here for review.

The parties are referred to herein as they appeared at the trial.

Defendant operated a general insurance agency in the city of Cushing, where he wrote policies for the plaintiff company and others. The premiums allegedly due plaintiff accrued from business written by defendant during the period of January 2, 1932, to March 21, 1932, under the terms, so plaintiff alleges, of a written contract of agency bearing the date first above mentioned.

In his answer defendant denied the truthfulness of the account, and alleged that during the aforesaid period the parties were operating under an oral agency agreement

whereby defendant was authorized to extend credit to or take notes from policyholders for premiums on behalf of plaintiff. In this connection it is alleged that the written agency contract above mentioned was not actually executed by defendant until May, 1932, and that the plaintiff thereafter inserted the date of January 2, 1932; that by reason of said oral contract the notes and accounts were the property of plaintiff and therefore defendant was not indebted to plaintiff for the sums thereby represented. Defendant also pleaded a written contract wherein the plaintiff, together with the Home Insurance Company and the Royal Exchange Assurance Company, as parties of the first part, and defendant as party of the second part, agreed upon a plan for the liquidation of the respective insurance accounts due from defendant to said companies: Under this agreement all receipts from old and new business were to be deposited by defendant in a trust fund and paid out to the parties, pro rata, in the manner therein provided, until their accounts were satisfied. The contract reserved the right to each party to withdraw therefrom upon 15 days' written notice. It is alleged that plaintiff violated this agreement without cause and without proper notice, and wrongfully terminated its agency.

Plaintiff in substance alleged that defendant had not properly performed his part of the liquidation agreement, and that the plaintiff was dissatisfied therewith and withdrew upon proper notice. The oral contract above mentioned is denied, and it is asserted that the defendant knew that the agency contract was predated so as to include the premiums here involved and that he continued without objection to operate under said contract.

The evidence is that the aforesaid agency contract dated January 2, 1932, was actually executed by defendant in May of that year and after the business here involved had been written. Defendant admitted, however, that he received a copy of said contract shortly after its execution and that said copy was dated January 2, 1932. He continued to operate under said contract without objection. When the liquidation contract was executed he recognized therein the accounts here sued upon as his own debt to the plaintiff. He admitted upon the stand the amount of the indebtedness for which the court rendered judgment, but maintained that such indebtedness was not his own but, by reason of the aforesaid oral contract, was due not from him but from the policyholders and that he was charged only with the collection thereof for the plaintiff.

The evidence clearly shows, and without material contradiction sufficient for the jury's consideration, that it was the intention of both parties that the written agency contract was made to operate from January 2nd. While the court, over the objection of plaintiff, listened to defendant's testimony regarding a prior oral agreement, the testimony was wholly incompetent, and the court so treated it subsequently by instructing a verdict. By that testimony the defendant would attempt to vary the terms of a subsequent written agreement. This was properly denied him; no fraud, accident, or mistake is alleged. In such case parol testimony is not admissible to vary the terms of a written instrument. Stratton v. Shaffer Oil & Refining Co., 103 Okla. 28, 228 P. 772.

We are unable to agree with defendant that the plaintiff was obliged under the liquidation contract to remain a party thereto until its claim was fully satisfied. Regardless of the provisions of the liquidation contract and the supplement attached thereto relating to the duration thereof, the contract provides for withdrawal of either party upon 15 days' notice, and a later contract under date of January 16, 1933, specifically reserves that same right to all the parties.

With the exception of the latter question, that portion of the contracts dealing with the duration and extent thereof must be laid aside as immaterial to this litigation, for it is certain that plaintiff properly notified defendant of its intention to withdraw. There was no ambiguity in the contracts in this respect. No fraud is charged. Plaintiff merely exercised a legal right by withdrawing from the contracts, sought judgment for the debt and, without competent contradictory testimony, established its case. The court's peremptory instruction for plaintiff was proper under the circumstances. The evidence supported plaintiff's case, and no substantial evidence was offered by defendant. Briggs v. Wright, 162 Okla. 183, 18 P. (2d) 530.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.