LIBERTY NATIONAL BANK OF WEATHERFORD v. SIMPSON.

No. 28497.    May 14, 1940.

*102 P. 2d 844.*

Pruett & Wamsley, of Anadarko, and A. J. Welch, of Clinton, for plaintiff in error.

Sam L. Wilhite, of Anadarko, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Caddo county. The parties occupy the same positions here as they did in the trial court and will be referred to in the same order as they appeared below.

Plaintiff commenced this action on April 1, 1937, against the defendant and others not here involved. In its petition the plaintiff alleged that the defendant had executed a certain promissory note and a chattel mortgage to secure the indebtedness evidenced thereby; that said note was past due and wholly unpaid and that there was due thereon the sum of $441.25, with interest, attorney fees and costs, and that by reason of the breach of the terms of said mortgage it was entitled to the immediate possession of certain personal property for the purpose of sale under said chattel mortgage. The plaintiff made the affidavit and gave the bond required in replevin and obtained immediate possession of the property. The defendant filed an answer and crosspetition. The answer admitted the execution of the note and mortgage as alleged by the plaintiff, but alleged that the debt evidenced by the note had been paid and that the lien of the mortgage had consequently been discharged. In his crosspetition the defendant alleged that the seizure of the property in replevin had been wrongful, wanton, and malicious, and therefore sought to recover damages, both actual and punitive. The plaintiff filed a reply to the answer and an answer to the cross-petition and therein denied that payment had been made as alleged by the defendant, but admitted that the defendant had possession of the note and alleged that he had obtained the same by making a pretended payment in that he had delivered to the plaintiff a certain check which had been dishonored by the bank on which it was drawn, and that by means of said check defendant had received credit for $241.25 on the note here involved and a further credit for the balance of said check on another and different note of the defendant, and which was held by the plaintiff, and further averred that in an action had in said court between the Farmers National Bank of Carnegie and the defendant the money represented by the check which had been delivered to the plaintiff had been paid on a judgment obtained by said bank against the defendant, and that thereby plaintiff had failed to receive any portion of the money represented by said check, and plaintiff thereupon sought to have the court impress the property which it had seized under the writ of replevin with a lien for the entire sum which it had credited defendant upon his several notes. Under the issues so framed, the cause was tried to a jury, and defendant under his plea of payment assumed the burden of proof. Demurrer of plaintiff to the evidence of the defendant as well as motion for directed verdict were overruled and denied. The jury returned a verdict wherein it found that the defendant was entitled to the possession of the property involved or its value in the sum of $500 in the event a return of said property could not be had. Motion of plaintiff for judgment non obstante veredicto and motion for new trial were both overruled and denied, and the plaintiff has appealed the cause here.

The errors urged are the overruling of plaintiff's demurrer to the evidence of the defendant and the denial of its motion for directed verdict and the refusal to give certain requested instructions which were excepted to by the plaintiff. The parties agree that the decisive question presented by this appeal is whether there was any competent evidence to substantiate the plea of payment made by the defendant with respect to the sum of $241.25 in any other manner than by means of the credit which was given thereon for the dishonored check. If there was such evidence, then the judgment should be affirmed; if not, it should be reversed. The uncontradicted evidence, as disclosed by the record, shows that on February 20, 1936, the defendant was indebted to the plaintiff in a considerable amount, and that said indebtedness was evidenced by several different notes, and that on said date the defendant endorsed and delivered to the plaintiff a check drawn by L. C. Koontz in the sum of $485 on the Farmers National Bank of Carnegie, and that defendant received credit for the amount of said check on two of his notes which were held by the plaintiff, and that on the note here involved a credit of $241.25 was given. That after payment of said

check was stopped by the drawer as the result of an action brought by the Farmers National Bank against the defendant, the money represented by the check was paid to said bank on a judgment in its favor and against the defendant, and that the plaintiff never received any part of the money represented by said check, and that prior to the judgment in the above-mentioned case the defendant made several payments on the note here involved which were accepted by the plaintiff and the note surrendered to the defendant on January 16, 1937. There was no evidence to show that plaintiff had ever received or accepted the Koontz check as an unconditional payment, nor was there any evidence to show that the defendant had ever paid the $241.25 for which he had been given credit in any other manner than by the Koontz check. The evidence clearly shows that, while the defendant had delivered certain cotton to the plaintiff and had received an accounting therefor and credit from the plaintiff, only the sum of $54.74 of the proceeds of such cotton had been applied on the note involved in this controversy, and the balance had been applied on other notes of the defendant held by the plaintiff. As pointed out in the case of Wheeler & Motter Mercantile Co. v. Kitchen, 67 Okla. 131, 169 P. 877:

"A check, without regard to whether that of the debtor or of a third person, does not constitute payment, unless it is agreed that it shall be taken as an absolute payment."

See, also, Concho Washed Sand Co. v. Huntsberger, 171 Okla. 486, 43 P. 2d 120.

Since the burden was upon the defendant to establish his plea of payment, and since his evidence wholly failed to show that he had paid the sum of $241.25 other than by means of the dishonored check, a verdict should have been directed in favor of the plaintiff for the possession of the property for the purpose of sale under the chattel mortgage to satisfy the balance due under the plaintiff's mortgage lien. For, as said in Pringey v. Maryland Casualty Co., 181 Okla. 278, 73 P. 2d 461:

"Where the evidence supports plaintiff's case and no sufficient evidence for the jury's consideration is offered in defense, the court should direct a verdict for plaintiff upon proper and timely motion."

In view of what has been said, we deem it unnecessary to discuss the other contentions advanced by the plaintiff. The cause is reversed and remanded, with directions to enter a judgment in favor of plaintiff in accordance with the views herein expressed.

Reversed, with directions.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.